GEORGE WILLIAMSEN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2833.)

Court of Claims, March 2, 1955.

*Maxwell Leibowitz* and *Joseph Zingale* for claimant.

*Jacob K. Javits, Attorney-General* (*Robert L. Horkitz* oſ counsel), for defendant.

SYLVESTER, J.   Upon this application for leave to file a claim it appears that the claimant was a patient at Kings Park State Hospital, where he was confined for the period of February 10, 1954, to August 16, 1954.   On June 10, 1954, in the course of receiving shock treatment, he sustained a dislocation of his right shoulder, claimed to have been caused by the negligence of the State.   After his release from the institution in the custody of his brother on August 16, 1954, he was referred to a surgeon who performed an operation calculated to relieve the severe pain caused by his dislocated shoulder.   Though he was in frequent touch with members of his family, he nevertheless maintains that his failure to timely file was due to his concern about his injuries which kept him from thinking about consulting a lawyer.   It is contended also that, in view of his commitment to a State hospital, he was under a legal disability at the time his cause of action arose, entitling him to file within two years after removal of his disability (Court of Claims Act, § 10, subd. 5).

Subdivision 1 of section 70 of the Mental Hygiene Law provides that a '' person alleged to be mentally ill to a degree which warrants institutional care   *   *   *   may be admitted to and confined in a state hospital ''.   Subdivision 8 of section 2 of the act defines a mentally ill person to mean '' any person afflicted with mental disease to such an extent that for his own welfare or the welfare of others, or of the community, he requires care and treatment   *   *   * ''.   While it may be true that, since there was no formal adjudication of claimant's incompetency, the legal presumption of competency continues (*Weed* v. *Mutual Benefit Life Ins. Co.,* 70 N. Y. 561, 563), nonetheless, the fact of his commitment to a State institution, based, as it is, on the character of the finding required by the statute for his admission as a patient, would seem sufficient to overcome the presumption (*Lee* v. *State of New York,* 187 Misc. 268; *Blatnicky* v. *State of New York,* 206 Misc. 787).   In these circumstances, it will be held that claimant was suffering under a legal disability at the time his claim arose and that he is therefore entitled to file his claim within two years after the removal of such disability.   Since he may bring his action without leave, his motion is denied.