Breitel, J.
Claimant, a recent patient of a State mental institution by involuntary commitment, seeks permission to file a late claim against the State. The claim is for wrongful commitment (false imprisonment) and negligent medical treatment. The claim was not filed within 90 days of accrual as ordinarily required by subdivision 3 of section 10 of the Court of Claims Act. The claim may be filed, however, under a different subdivision of the statute, if claimant may take advantage of the two-year period provided for claimants under disability when the claim accrued, or may, as a matter of discretion, be allowed to file a late notice of claim, even in the absence of disability (subd: 5).
Claimant was committed in November, 1965, and was conditionally released on convalescent status in June, 1966. Finally, in June, 1967, she was discharged from supervision. - Less than two years after final discharge, in May, 1969, claimant made *340 a motion for permission to file a late claim with an attached proposed notice of claim. Claimant now urges -that she was subject to a legal disability, mental impairment, when her claim accrued and that upon final discharge in June, 1967 she had two years to file as of right (N. Y. Const., art. Ill, § 19; Court of Claims Act, § 10, subd. 5). Alternatively she seeks permission to file a late claim.
Section 19 of article III of the State Constitution provides: “No claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time. But if the claimant shall be under legal disability the claim may be presented within two years after such disability is removed.”
Subdivision 5 of section 10 of the Court of Claims Act provides both for late filing with permission of the court and for filing as of right within two years in case of legal disability, repeating the language of the Constitution: “A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent’s death. The application for such permission shall be made upon motion based upon, affidavits showing a reasonable excuse for the failure to file the notice of intention and that the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim. The application may be made returnable at any regular or special session of the court and may be heard and determined by any judge thereof. The claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application. No such application shall be granted if the court shall find that the state has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.”
*341 The Appellate Division, in reversing the Court of Claims which had allowed the claim to be filed, held the two-year period inapplicable because the claim did not accrue until final discharge in 1967, and at that instant, her legal disability had ceased. Permission to file a late claim was denied for failure to show reasonable excuse. It is concluded that claimant is entitled to file as of right, both by virtue of the Constitution and the statute. Were the issue of discretion reached, it would be an abuse of discretion to deny the claimant relief.
The motion court found that claimant’s disability continued during hospitalization and convalescent care, terminating with discharge in June, 1967 (61 Misc 2d 802, 805-806). The Appellate Division apparently concurred, but disagreed as to whether the claim accrued during disability. The court held that since the claim did not become ‘ ‘ complete ’ ’ or accrue until discharge, when simultaneously the disability ceased, ‘ ‘ claimant was [then] not under a legal disability ” (35 A D 2d 855). In so concluding the court relied on cases stating that Statutes of Limitation do not begin to run until the continuing wrong has ceased or until the wrong has become “ complete ” (see Borgia v. City of New York, 12 N Y 2d 151; Bill v. County of Westchester, 4 A D 2d 779, stating that for malpractice and false imprisonment the claim does not become complete until the course of treatment or detention ceases; see, also, Waterman v. State of Neio York, 19 A D 2d 264, affd. sub nom. Williams v. State of New York, 14 N Y 2d 793; Moltion v. State of New York, 193 Misc. 850, affd. 277 App. Div. 835, affd. 302 N. Y. 177, 185; Morrison & Quinn, Inc. v. State of New York, 204 App. Div. 623; Dufel v. State of New York, 198 App. Div. 97, all holding that a continuing wrong does not become complete for the purpose of time limitations, and thus the statute does not begin to run, until the last damage is incurred or ascertained).
The fact that for Statute of Limitation purposes a continuing wrong does not start the running of the statute until the wrong is “complete” does not mean that before “completeness” there is no claim. Of course there is. On common principles the wrong against claimant, if there has been a wrong, was initiated at the inception of the detention. The “ complete wrong ” rule was created and applied to save a just claim and to recognize that ordinarily, but not invariably, one sues when one’s *342 damages are ascertained to be complete and calculable. Thus, the accrual of claims under the Court of Claims Act has received various kinds of treatment, artificial but effective to save claims or to permit early assertion (see 19 Carmody-Wait, 2d, Actions in the Court of Claims, § 120.17, at pp. 746-747).* The “ continuing wrong ’ ’ rule to allow delayed claims should not be turned around to defeat a claim which, for all one knows at this prepleading stage, is just.
Assuming the present claim accrued prior to discharge, which in theory and practice must be the case, thé claim accrued while claimant was under a legal disability. Thus, the two-year period is applicable and the claim allowable as of right. The Court of Claims, as factfinder, determined that claimant’s mental impairment continued until June, 1967. The Appellate Division made no contrary finding. The State, for obvious reasons, is not urging that one involuntarily committed and under continuing treatment for schizophrenia was not under legal disability. Relevantly, the Carmody-Wait treatise states: “ The state having presented no proof to the contrary, the claimant’s confinement on a commitment to a state hospital by order of the Supreme Court must be accepted as evidence of legal disability during the period of his confinement. That is to say, the fact of commitment to a state hospital, which is based upon the character of the finding required by statute for admission as a patient, is sufficient to overcome the presumption of a claimant’s competency.” (19 Carmody-Wait, 2d, op. cit., supra, p. 748.) The cases have so held (see, e.g., Williamsen v. State of New York, 207 Misc. 281 [Sylvester, J.]; Danna v. State of New York, 207 Misc. 505, 507 [Major, J.]).
Given the disability,-the two-year rule mandated by Constitution and statute, has been consistently applied. In the Carmody-Wait treatise it has been restated in this manner: “ A person under a legal disability at the time of the accrual of his claim against the state is not required to file a notice of intention, but is compelled only to present his claim within *343 2 years after the disability is removed. In such a case, permission to file a claim is not necessary to validate a filing made within the 2-year period after the removal of the disability.” (19 Carmody-Wait, 2d, op. cit., supra, pp. 747-748 ; Accord: Weber v. State of New York, 267 App. Div. 325, 326-327; Emanuele v. State of New York, 43 Misc 2d 135, 137; Canizio v. State of New York, 8 Misc 2d 943, 945; Danna v. State of New York, 207 Misc. 505, supra; Williamsen v. State of New York, 207 Misc. 281, supra; Nastasi v. State of New York, 185 Misc. 91, 93.)
In summary, the claim accrued while claimant was under the supervision of the State hospital. Since claimant was under a continuing legal disability during that period, she is entitled to serve her claim within two years of final discharge as of right. Perforce, it would be an abuse of discretion to deny her leave to file the claim. To have the short Statute of Limitation of 90 days run from the date of plaintiff’s discharge, on the theory that instanter on discharge both the cause of action accrued and the disability ended, is not reasonable. Moreover, the claim accrues to one in a class of persons unfortunate and helpless, suffering from a condition that does not begin or end by the clock.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion granted.

The treatise states that “ [wjhere wrongful acts are continuous, a new cause of action accrues each day upon the commission of each new wrong, and such continuous wrongful acts are treated as separate rights of action for the purpose of determining the time within which a claim or notice of intention to file a claim must be filed” (19 Carmody-Wait, 2d, loc. cit., supra).