■ RAEL AUTOMATIC SPRINKLER CO., INC., Appellant, v LAWRENCE ROSANO et al., Respondents.—In an action against the guarantors of a promissory note, the appeal is from an order of the Supreme Court, Nassau County, dated May 21, 1976, which denied plaintiff's motion to dismiss the first affirmative defense contained in the answer. Order affirmed, with $50 costs and disbursements. Neither the doctrine of *res judicata* nor the doctrine of collateral estoppel is applicable here. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ JOHN F. RATKA, as Administrator of the Estate of EDWARD H. RATKA, Deceased, Respondent, v ST. FRANCIS HOSPITAL et al., Defendants, and ALBERT I. WHITE et al., Appellants.—In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, defendants White and Gordon appeal from an order of the Supreme Court, Dutchess County, dated November 26, 1975, which (1) granted plaintiff's motion to strike the second complete and affirmative defense contained in the answer of said defendants and (2) denied their cross motion to dismiss plaintiff's cause of action for wrongful death. Order reversed, on the law, motion denied, and cross motion granted, with $50 costs and disbursements. The two-year Statute of Limitations for a wrongful death action (EPTL 5-4.1) was not tolled pursuant to CPLR 208 because of the infancy of a surviving child of the decedent, which child was appointed administrator when he reached majority, where there existed, at the time of the decedent's death, next of kin who were under no disability to receive letters of administration. Accordingly, the cause of action for wrongful death was time-barred at the expiration of two years from the date of decedent's death (see *Mossip v Clement & Co.,* 256 App Div 469, affd 283 NY 554; *Pulsifer v Olcott,* 63 Misc 2d 524, affd 41 AD2d 781). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ JOYCE E. ROCK, Respondent, v DONALD E. ROCK, Appellant.—In a matrimonial action in which plaintiff was granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Dutchess County, dated September 11, 1975, which, upon plaintiff's motion to punish defendant for contempt, incorporated a stipulation of the parties which resolved the contempt motion and defendant's motion to modify certain of the provisions of the judgment of divorce. Order affirmed, without costs or disbursements. Defendant has failed to set forth sufficient reason to vacate a voluntary stipulation of settlement entered into in open court after discussion with counsel. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.