*665 OPINION OF THE COURT
Albert A. Blinder, J.
Defendant moves for an order dismissing the claim heretofore filed on the grounds that the court lacks jurisdiction and that the claim was not timely filed.
It appears from a review of the papers submitted and from the pleadings[1] filed with the court, that the claimant, Marie Carole Antoine, was a patient at the Downstate Medical Center from April 30, 1978 to May 2, 1978.
On October 10, 1979, claimant filed a notice of intention, individually and as administratrix for "Jane” Antoine, deceased. It contained an accrual date of on or about April 30, 1978 and complained of the pain and suffering and death of the newborn "Jane” Antoine, as well as her own pain and suffering.
Thereafter, on October 24, 1979 Claim No. 63578 was filed. It alleges that claimant, Marie Carole Antoine, was a patient at the Downstate Medical Center, having been admitted on April 30, 1978. On that date, it further alleges, Marie Carole Antoine gave birth to a child.
There are four causes of action asserted in the pleading. The first cause of action sounds in medical malpractice alleging negligence resulting in injuries to the claimant, Marie Carole Antoine, individually.
The second cause of action sounds in medical malpractice alleging negligence resulting in the wrongful death of "Jane” Antoine, and the appointment of claimant, Marie Carole Antoine, as administratrix.
The third cause of action realleges the liability in the first and second causes and demands damages sustained by the decedent, "Jane” Antoine, by virtue of pain and suffering until the time of her death.
The fourth cause of action, in its heading, alleges that it is "on behalf of plaintiff administratrix”, but the text of the paragraphs numbered 26th, 27th and 28th indicates that the damages sought are for the claimant individually and as administratrix. It alleges that the failure to render medical care and attention "was done in a willful, wanton and mali *666 clous manner” and further alleges that the defendant "knew or had reason to know that the plaintiffs were in need of medical care and attention which defendant willfully, wantonly and maliciously refused to give, thereby causing injuries to the plaintiff, marie carole antoine and causing the death of the plaintiff, 'jane’ antoine.”
Defendant premises its motion on the fact that the claim failed to allege the date that claimant was appointed administratrix; that it was filed one and one-half years after Marie Carole Antoine’s discharge from Downstate Medical Center; and further that it may have been filed more than 90 days after her appointment as administratrix. The claim, as filed, it is submitted, fails to satisfy the jurisdictional Statute of Limitations and pleading requirements of the Court of Claims Act. Finally, it is submitted, the fourth cause of action is premised on intentional tort; and the Statute of Limitations for intentional tort is one year pursuant to CPLR 215. Since the accrual of the action occurred on April 30, 1978, and the claim was filed on October 24, 1979, this cause of action, it is submitted, is time barred.
Claimants’ counsel, in their reply affidavit, have annexed a copy of the limited letters of administration which indicate claimant’s appointment on July 25, 1979. It also avers that the causes alleged by the claimant as administratrix "are solely derivative of her claim for wrongful death and therefore, fall within the requirements of section 10(2) of the Court of Claims Act.”
In reply to defendant’s contention that the fourth cause of action is time barred, claimants’ counsel argues "[t]hat claimant is not seeking recovery in this cause of action on the theory of intentional tort, but rather seeks punitive damages because of the wanton and malicious manner in which the respondents acted against the claimant.”
The court upon reviewing this motion cannot make the distinction that claimant’s counsel have argued. The cause of action of claimant, individually, is separate and legally distinct from those which she pursues as the administratrix of the estate of "Jane” Antoine. The affidavit in support of the motion alleges claimant’s hospitalization from April 30, 1978 until May 2, 1978. No later date appears in any other papers. She, therefore, had 90 days after May 2, 1978 in which to either file a claim or a notice of intention. She did not so *667 timely file. (Court of Claims Act, § 10, subd 3; Lewis v State of New York, 26 AD2d 878, affd 25 NY2d 881.)
The causes on behalf of the estate of "Jane” Antoine have a different accrual date. Pursuant to subdivision 2 of section 10 of the Court of Claims Act the administratrix had 90 days after her appointment to file a claim, or a notice of intention. If the latter is filed, the claim must be filed within two years after the death of the decedent. In the case at bar, claimant was appointed administratrix on July 25, 1979. She filed a notice of intention on October 10, 1979, which was within 90 days after her appointment. Thereafter, the claim was filed on October 24, 1979. The filing of the claim was within two years of the death of "Jane” Antoine. Hence, it was timely filed. (Court of Claims Act, § 10, subd 2; Satinoff v State of New York, 50 AD2d 1048; Matter of Johnson v State of New York, 49 AD2d 136; cf. Lurie v State of New York, 73 AD2d 1006.)
The first cause of action, set forth in the claim, was in behalf of claimant, individually. It is hereby dismissed. The second cause of action was alleged to have been brought in behalf of the claimant as administratrix. Although it is inartistically drawn and confusing, it includes a cause of action for wrongful death, which the court deems legally sufficient.
The third cause of action is for the pain and suffering sustained by "Jane” Antoine prior to her death. Pursuant to EPTL 11-3.2 (subd [b]), a personal injury cause of action is not lost by virtue of the death of the person in whose favor it accrued. An action for it may be brought by the personal representative of the decedent. Defendant’s counsel argues that, as to this cause of action, subdivision 3 of section 10 of the Court of Claims act applies. This would require a filing within 90 days after the accrual of the claim. Defendant cites as an authority for this proposition Cruz v Mount Sinai Hosp. (61 AD2d 915). In Cruz a surviving personal injury cause of action was dismissed where suit was commenced some three years after the alleged wrongful event. The Appellate Division (First Department) held that, although the decedent was an infant, the disability was not effective as a tolling limitation since a personal representative existed at the time of the decedent’s death who was not under a disability. Under the authority of CPLR 214 the case was therefore time barred. (Also, see, Ratka v St. Francis Hosp., 54 AD2d 587; Cohen v Steigman, 249 App Div 819.)
Claimants’ counsel, in their reply affidavit, do not address *668 this point. They merely make the conclusory statement that "this action was commenced within the time limited by law”. If defendant’s contention is correct and subdivision 3 of section 10 applies, the failure to have claimant appointed before the expiration of the 90-day period does not toll the time requirements. (See Smith v State of New York, 53 AD2d 756, affd 41 NY2d 1063.)
At common law, all actions arising ex delicto died with the person by whom or to whom the wrong was done. (Hegerich v Keddie, 99 NY2d 258.) The survival of the cause of action for personal injuries which may be brought by the decedent’s personal representative is permissible by statute. (EPTL 11-3.2; also, see Hansen v City of New York, 274 App Div 196, affd 299 NY 136.) Likewise, the cause of action for wrongful death has been created by statute,[2] initially by Parliament in Lord Campbell’s Act of 1846, then in New York by chapter 450 of the Laws of 1847, and not embodied in EPTL 5-4.1. (Caffaro v Trayna, 35 NY2d 245, 248.)[3] The State’s waiver of immunity from liability originally contained in section 12-a of the Court of Claims Act of 1920 (L 1929, ch 467), now section 8 of the Court of Claims Act of 1939 (L 1939, ch 860), did not mention an action for wrongful death. Nevertheless, by case law, the waiver was deemed to have included such a cause of action. (Davison, Claims Against the State of New York, § 9.05; also, see, Smith v State of New York, 148 Misc 524, revd on other grounds 241 App Div 656, 154 Misc 849, affd 243 App Div 682, affd 268 NY 551.)
There is no question that the Legislature intended section 9 of the Court of Claims Act to include within its ambit claims for wrongful death. (See Burke v State of New York, 64 Misc 558.) However, under subdivision 2 of section 9 of the Court of Claims Act the requirement was made that the claimant comply with the limitations of article 2. Subdivision 3 of section 10 of the Court of Claims Act sets forth the time requirements for any action to recover damages for personal *669 injury.[4] Section 10 of the Court of Claims Act is more than a Statute of Limitations.[5] It is a jurisdictional prerequisite to bringing and maintaining an action in the Court of Claims. (De Marco v State of New York, 43 AD2d 786, affd 37 NY2d 735; Modern Transfer Co. v State of New York, 37 AD2d 756.)
It is, therefore, the decision of this court that the third cause of action is barred, as not being timely filed pursuant to subdivision 3 of section 10 of the Court of Claims Act. (Cf. Stutz v Guardian Cab Corp., 273 App Div 4.)
The fourth cause of action alleges willful, wanton and malicious acts by the defendant. Defendant alleges that the fourth cause of action is based upon an intentional tort theory. It urges that the Statute of Limitations is one year under CPLR 215 and that this cause of action is time barred.
Claimant, in response, argues that defendant’s reference to "intentional tort is erroneous. That claimant is not seeking recovery in this cause of action on the theory of intentional tort, but rather seeks punitive damages because of the wanton and malicious manner in which the respondents acted against the claimant.”
The fourth cause of action is ostensibly brought by claimant as administratrix. However, its text could be read as averring a cause of action for punitive damages for both claimant, individually and as administratrix. Since the claimant, individually, has not timely filed, her claim is time barred. She may not individually pursue any cause of action including one for punitive damages. In addition, the court has ruled that the survival claim for the pain and suffering of "Jane” Antoine brought by claimant as administratrix was likewise time barred. However, even if it was timely, EPTL 11-3.2 (subd [b]) specifically precludes awarding punitive damages.
Furthermore, the wrongful death action may not include "punitive damages because of the wanton and malicious manner in which the respondents acted against the claimant.” The measure of damages allowed in a wrongful death action is *670 specifically set forth in EPTL 5-4.3. As this court previously stated: "It is the law of this State and in many other jurisdictions that punitive damages are not allowed and cannot be awarded for pain and suffering before the death of a decedent nor for that matter are they allowed in wrongful death actions. (EPTL 11-3.2, subd [b].) This was also the law under the predecessor, section 119 of the Decedent Estate Law. (Blessington v McCrory Stores Corp., 198 Misc 291, affd 279 App Div 807, affd 305 NY 140.) In general, it is the universally acknowledged rule in the United States that punitive damages are not recoverable in either a survival or wrongful death action, unless the statute so provides expressly or by clear implication. (Meehan v Central R. R. Co. of N. J., 181 F Supp 594; Mattyasovszky v West Towns Bus Co., 21 Ill App 3d 46; Burns v Van Laan, 367 Mich 485; also, see, 25a, CJS, Death, § 97; 22 Am Jur 2d, Death, § 136.)” (Barrett v State of New York, 85 Misc 2d 456, 462.)
The fourth cause of action is therefore dismissed.
After the dismissal of all but the cause of action alleging wrongful death, the court believes it would be in the best interest of all concerned for the claimant to file an amended claim. The amended claim should be in proper form pursuant to section 11 of the Court of Claims Act and should otherwise be in accordance with the rules of this court. It should only list the State of New York as party defendant. It is the only proper party defendant herein.

. Claimants filed a summons and verified complaint as if they were litigating in the Supreme Court. Claimants’ counsel should have filed a claim in accordance with section 11 of the Court of Claims Act. Nevertheless, this pleading was assigned a claim number. It will be treated as if it were a claim.

. Another distinction is that the action for wrongful death under EPTL 5-4.1 belongs to the distributees who have suffered pecuniary injury, whereas the survival action under EPTL 11-3.2 for personal injuries belongs to the decedent’s estate. A wrongful death action is brought by the personal representative as a "statutory trustee” in behalf of the distributees. (See Wiener v Speciñc Pharms., 298 NY 346.)

. The Constitution of the State of New York contains an express provision relating to the right of action for wrongful death which prohibits its abrogation and the limitation of the amount of damages to be recovered. (NY Const, art I, § 16; 21 Carmody-Wait 2d, NY Prac, § 130.2.)

. The court has paid particular attention to the verbiage of subdivision 2 of section 10 of the Court of Claims Act. It has attempted to ascertain whether its language can be interpreted to include an action which would survive pursuant to EPTL 11-3.2. It concludes that subdivision 2 of section 10 only encompasses an action for wrongful death. A comparison of subdivision 2 of section 10 and EPTL 5-4.1 makes this clear beyond peradventure. (Contra Sheinbaum v State of New York, 101 Misc 2d 250.)

. For this reason, CPLR 210 (subd [a]) cannot be considered to extend the time for filings in the Court of Claims.