■ CHERYL GIBBONS, as Administratrix of the Estate of CHARLES GIBBONS et al., Deceased, Appellant, v CITY OF TROY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered February 16, 1982 in Rensselaer County, which granted defendants' motion to dismiss plaintiff's second and fourth causes of action and denied plaintiff's cross motion for permission to serve a late notice of claim. Plaintiff's two infant children, ages five and seven years, died on February 17, 1980, as the result of a fire in her residence in the Margaret W. Phelan Apartments in Troy, New York. Limited letters of administration were granted to plaintiff on November 7, 1980, and between January 15 and January 16, 1981 plaintiff served on these defendants a notice of claim for wrongful death and conscious pain and suffering of her children. The summons with notice of the commencement of the action was served between April 15 and April 20, 1981. After service of the complaint, defendants moved to dismiss the second and fourth causes of action, which alleged conscious pain and suffering, for plaintiff's failure to file a notice of claim within 90 days of the occurrence. Plaintiff's opposing papers and cross motion for leave to file a late notice of claim were served in October, 1981, more than one year and 90 days after the occurrence. Special Term, noting the distinction between the causes of action for conscious pain and suffering and wrongful death, granted defendants' motion and denied plaintiff's cross motion. We agree with the determination of Special Term. The notice of claim, which was served within 90 days after the issuance of the letters of administration, but more than 90 days after the occurrence of the fire on February 17, 1980, is untimely in regard to the causes of action for conscious pain and suffering. Section 50-e (subd 1, par [a]) of the General Municipal Law clearly requires the notice of claim in a tort action against a public corporation to "be served in accordance with the provisions of this section within ninety days after the claim arises." Unlike the causes of action for wrongful death, which measure the 90-day period from the appointment of an executor or administra-

tor (*Forero v Town of Tuxedo,* 51 AD2d 443),* causes of action for conscious pain and suffering must be noticed within 90 days of the accident or occurrence (*Joseph v McVeigh,* 285 App Div 386, affd 309 NY 877). Plaintiff's reasoning here tracks the rationale of *Pierson v City of New York* (83 AD2d 128). However, that decision was reversed by the Court of Appeals (56 NY2d 950), which interpreted section 50-e, as amended in 1976, to mean that a court is precluded from granting an application for an extension unless it is made within "one year and 90 days after the cause of action accrued, unless the statute has been tolled (General Municipal Law, § 50-i, subd 1; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 262-263)" (*id.,* at p 954). There are three reasons why we should not consider that the statute was tolled: (1) the issue was not raised at Special Term and, therefore, would be improperly considered on this appeal (*Matter of Van Wormer v Leversee,* 87 AD2d 942); (2) even before the decision of the Court of Appeals in *Pierson,* this court had held in *Moran v City of Albany* (73 AD2d 1010) that the "failure to seek a judicial extension of the 90-day period prior to the expiration of one year and 90 days precludes any relief"; and (3) even if the toll of infancy were considered it would not benefit plaintiff, since the infancy disability herein is removed by the death of her children on the date of the fire (*O'Connor v Long Is. R. R.,* 89 Misc 2d 225, 226, affd 63 AD2d 1015, mot for lv to app dsmd 48 NY2d 668; *Blessington v McCrory Stores Corp.,* 198 Misc 291, 296, affd 279 App Div 806, 807, affd 305 NY 140). Finally, contrary to plaintiff's argument that the disability of infancy should continue until the appointment of the estate representative, it is pointed out that the fact of death is but a factor to be considered on an application for permission to file a late claim, provided that the application is made within the one year and 90-day period as provided by subdivision 5 of section 50-e of the General Municipal Law. Here, plaintiff's application to extend the time for filing was not made until October, 1981, some 20 months after the fire. The application was, therefore, untimely, as properly held by Special Term. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.

---

* Although inapplicable here, this holding was implemented by statutory amendment effective September 1, 1981 (L 1981, ch 738, § 1).