■ PATRICIA A. ARVANTIDES, Respondent, v STERGEOS G. ARVANTIDES, Appellant. — Amended judgment unanimously modified, on the facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: The trial court, in compliance with a prior directive from this court (see *Arvantides v Arvantides,* 97 AD2d 939), made specific findings of fact and conclusions of law regarding maintenance, child support and the equitable distribution of the marital property, including the defendant husband's dental practice. Although defendant's notice of appeal recited that he was appealing from each and every part of the amended judgment, his failure to address any issues other than the valuation of his dental practice is tantamount to abandonment of the remaining issues on appeal (see *Matter of Pessano,* 269 App Div 337, 341, affd 296 NY 564; *Matter of Smith,* 91 AD2d 789, 790).

At trial, both defendant's expert and plaintiff's expert used the same method to evaluate the dental practice. No objections

were raised by either party to either witness' testimony during or after trial and no other proof was offered on the subject. Defendant now argues for the first time on appeal that the method of evaluating his dental practice was incorrect. When an issue is not raised in a lower court, however, it is not preserved for appellate review (see *Gibbons v City of Troy,* 91 AD2d 707, 708; *Matter of Van Wormer v Leversee,* 87 AD2d 942). Since defendant's expert evaluated the dental practice at $100,000, defendant cannot now argue that the dental practice is worth substantially less. On this record, we conclude that the evaluation by defendant's expert is more realistic than the evaluation by plaintiff's expert and should have been adopted by the trial court. Moreover, in consideration of the factors set out in section 236 (part B, subd 5, par d) of the Domestic Relations Law, particularly that defendant was educated and practicing dentistry prior to the marriage and plaintiff's contribution and efforts as a spouse toward the dental practice were modest, we conclude that plaintiff's equitable distribution of the dental practice should be reduced to 25%. Accordingly, the amended judgment is modified by awarding plaintiff $25,000 as her equitable distribution of defendant's dental practice to be paid in amounts of $5,000 per year until the entire amount is paid. The judgment is otherwise affirmed. (Appeal from amended judgment of Supreme Court, Onondaga County, Murphy, J. — divorce.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.