ELAINE KAPLAN, as Administratrix of the Estate of LEONARD KAPLAN, Deceased, Respondent, v STATE OF NEW YORK, Appellant.

Third Department, December 21, 1989

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Michael S. Buskus* and *Peter J. Dooley* of counsel), for appellant.

*Theodore H. Friedman* (*Edward T. Chase* of counsel), for respondent.

**OPINION OF THE COURT**

YESAWICH, JR., J.

Leonard Kaplan (hereinafter decedent) died on January 12, 1987 when the car he was operating left the traveled portion of Route 17 in the Town of Sanford, Broome County, and struck a bridge abutment. Claimant, his wife, was appointed administratrix of his estate on November 27, 1987. She filed a claim against the State for wrongful death and conscious pain and suffering on January 5, 1988. Because neither the claim nor a notice of intention to file a claim had been filed within 90 days of the accident, the State moved to dismiss the cause of action for conscious pain and suffering as untimely, hence, leaving the Court of Claims without jurisdiction over this cause of action. The court denied the State's motion. On appeal, the State contends that the court was mistaken when it ruled that the pain and suffering cause of action was properly before the court upon concluding that CPLR 210 (a) had tolled the filing and service requirements contained in Court of Claims Act § 10 (3).* We agree with the State's contention.

CPLR 210 (a) provides that "[w]here a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his representative within one year after his death". Court of Claims Act § 10 (3) mandates that: "A claim to recover damages for * * * personal injury caused by the negligence or unintentional tort of an officer or employee of the state * * * shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." These filing and service requirements are jurisdictional prerequisites or conditions precedent to the commencement and maintenance of a claim against the State (see, *Trayer v State of New York*, 90 AD2d 263, 265; *Stewart v State of New York*, 15 Misc 2d 135, 136). Given that Court of Claims Act § 10 is more than simply a Statute of Limitations, the CPLR tolling provisions

---

* Although application of the CPLR tolling provisions to General Municipal Law § 50-e (1) and (5) has been resolved (see, *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 264; *Gibbons v City of Troy*, 91 AD2d 707), appellate courts have yet to address the tolling issue insofar as it relates to the filing requirements contained in the Court of Claims Act.

may not be used to extend its limits, unless, of course, doing so is expressly authorized by the section itself *(see, Antoine v State of New York,* 103 Misc 2d 664, 669, n 5). This is the case with respect to Court of Claims Act § 10 (5), where it is specifically recognized that a cause of action against the State is tolled when the claimant suffers from a legal disability such as infancy or incompetency *(see, Weber v State of New York,* 267 App Div 325, 327), infirmities which do not exist in this case. To the same effect is Court of Claims Act § 10 (6), which governs the late filing of claims; it explicitly incorporates the provisions of CPLR article 2, including CPLR 210 (a). This analysis comports with the teaching of the Court of Appeals that, where the Legislature makes direct reference to an external Statute of Limitations to measure the time for complying with a condition precedent within the statutory provision itself, "there is no basis in law for withholding application of the tolls and extensions which ordinarily affect that Statute of Limitations" *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 264).

In telling contrast to these two subdivisions, Court of Claims Act § 10 (3) contains no allusion to any other limitations provisions. That being so, we are unwilling to adopt, as the Court of Claims did, the rationale relied upon in *Pelnick v State of New York* (141 Misc 2d 542), i.e., that because section 10 (6) specifically refers to CPLR article 2, and we note that it is the only subdivision within section 10 doing so, it necessarily applies to the remaining subdivisions as well *(supra,* at 545). We find the more compelling rationale to be that where the Legislature does not explicitly refer to an external Statute of Limitations, the extensions and tolling provisions provided in CPLR article 2 are unavailable.

Nor are we of the view that the absence of language in Court of Claims Act § 10 (3) expressly inconsistent with CPLR 210 (a) signals implicit legislative approval that this provision is to be employed in evaluating the timeliness of claims filed under that subdivision *(cf., Pelnick v State of New York, supra,* at 546). The suggested hypothesis does violence to a fundamental principle of statutory construction, namely, that " 'what is omitted or not included was intended to be omitted or excluded' " *(Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240).

While our holding may appear unyielding, it should be kept in mind that Court of Claims Act § 10 (6) permits claimants to

apply for permission to file a late claim and, further, that the mere filing of a notice of intention within 90 days of the injury extends the 90-day limitation for a period of two years after the accrual of the claim.

CASEY, J. P., WEISS, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, without costs, motion granted and cause of action for conscious pain and suffering dismissed.