■ Libiro DeFilippis, Individually and as Executor of Sonia DeFilippis, Deceased, Appellant, v State of New York, Respondent.—In a proceeding for leave to file a late notice of intention to file a claim to recover damages for conscious pain and suffering, the claimant appeals from an order and judgment (one paper) of the Court of Claims (Rossetti, J.), entered January 20, 1989, which denied the application, and denied him the alternative relief requested of a declaration that a notice of intention previously filed was timely with respect to his cause of action to recover damages for conscious pain and suffering.

Ordered that the order and judgment is modified, as a matter of discretion, by deleting the provision thereof which denied that branch of the application which was for leave to file a late notice of intention to file a claim pursuant to Court of Claims Act § 10 (6), and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements.

On December 4, 1987, Sonia DeFilippis was operating her car eastbound on the Southern State Parkway when a car owned by Michael Alexopoulos and driven by Vasiliki Alexopoulos crossed the median and collided with her car. As a result of injuries she sustained, Sonia DeFilippis died four hours later.

In the beginning of January 1988, the claimant Libiro DeFilippis filed a probate petition with the Surrogate's Court seeking, *inter alia,* letters testamentary. On March 11, 1988, 98 days after the cause of action to recover damages for pain and suffering accrued, the court issued letters testamentary to Libiro DeFilippis, who served a notice of intention to file a claim to recover damages for wrongful death. Receipt of the notice was acknowledged by the Court of Claims on April 4, 1988 and by the State of New York on April 5, 1988.

On or about August 29, 1988, the claimant brought the instant application for leave to file a late notice of intention to file a claim to recover damages for conscious pain and suffering *(see,* Court of Claims Act § 10 [3], [6]), and, in the alternative, sought a declaration that the notice of intention to file a claim already filed was timely as to a cause of action to recover damages for conscious pain and suffering based upon the applicability of the tolling provision found within CPLR 210 (a). The motion was denied in its entirety.

The claimant failed to interpose a written notice of intention to file a claim based upon the decedent's conscious pain and suffering within the 90-day time limitation provided in Court of Claims Act § 10 (3). For that reason the Court of Claims properly refused to declare that the notice which was filed was timely as to the cause of action to recover damages for conscious pain and suffering. The 90-day notice requirement is a jurisdictional prerequisite which must be strictly applied *(see, Greenspan Bros. v State of New York,* 122 AD2d 249; *Luciano v Fanberg Realty Co.,* 102 AD2d 94, 97; *Byrne v State of New York,* 104 AD2d 782, 784; *Perry v State of New York,* 64 AD2d 799, 800).

The Legislature was cognizant that a wrongful death action could only be instituted by a properly appointed legal representative, and it therefore extended the period for filing a claim or a written notice of intention to file a claim to 90 days following the appointment of an executor or administrator *(Matter of Johnson v State of New York,* 49 AD2d 136, 138-139). However, with respect to claims based upon the conscious pain and suffering of the decedent, notice may be given

by any interested person *(cf., Matter of Johnson v State of New York, supra; see also, Antoine v State of New York,* 103 Misc 2d 664, 668-669). While tolls and extensions pursuant to the CPLR extend the time to apply for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 263), those tolls and extensions have no applicability to the statutory period for service or filing of a timely notice of claim or notice of intention to file a claim pursuant to General Municipal Law § 50-e (1) or Court of Claims Act § 10 (3) *(see, Nicholas v City of New York,* 130 AD2d 470, 471; *Barnes v County of Onondaga,* 103 AD2d 624, 627, *affd* 65 NY2d 664; *Barrett v State of New York,* 143 Misc 2d 619, 625-626). The Appellate Division, Third Department, has recently had occasion to consider this point and has come to the same conclusion *(Kaplan v State of New York,* 152 AD2d 417). Thus, the claimant's notice of intention to file a claim to recover damages for conscious pain and suffering was untimely.

However, the Court of Claims improvidently exercised its discretion in denying the claimant leave to file a late notice of intention to file a claim pursuant to Court of Claims Act § 10 (6) *(see, Innis v State of New York,* 60 NY2d 654, 655; *Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.,* 55 NY2d 979, 981). We agree that among the pertinent statutory factors to be considered, no acceptable excuse existed for the late filing of the notice of intention *(see, Matter of Johnson v State of New York,* 49 AD2d 136, 138-139, *supra),* but we note that the delay was minimal, and there was a lack of prejudice to the State, which had previously extensively investigated the claim, and had notices of intention to file claims from the other litigants. Contrary to the finding of the Court of Claims, the claimant's submissions were sufficient to demonstrate a meritorious cause of action based upon the failure to provide a median barrier on the parkway *(see, Zalewski v State of New York,* 53 AD2d 781, 782; *see also,* Richardson, Evidence, §§ 196, 253, at 170, 220 [Prince 10th ed]; § 253, at 109 [1972-1985 Supp]). The claimant satisfied the majority of the factors enumerated within section 10 (6), and we find that, under the circumstances of this case, permission to file a late notice of intention to file a claim was warranted.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.

◼ JAMES DESMOND, JR., Individually and as Administrator