■ ELEANOR P. COLEMAN, Appellant, v ARTHUR Y. WEBB et al., Respondents. (Claim No. 76194.)

The claimant Eleanor Coleman is the mother of a retarded adult son, Theodore Coleman, who for approximately eight years was enrolled in an out-patient family care program administered by the New York State Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD). She alleges that on July 28, 1984, Theodore was pricked on the arm with tweezers and a needle by a "bus matron" employed by the private ambulance company designated by the OMRDD to transport Theodore to and from his program each day. As a result of this incident, the claimant refused to allow Theodore to return to the family care program, and he was discharged from the program on or about July 31, 1985. The claimant further alleges that Theodore was discharged without an adequate supply of medication to sustain him until she was able to arrange for a private physician to take over his care on or about November 12, 1985.

On or about August 18, 1986, the claimant commenced an

action against the respondents in the Supreme Court, Queens County, to recover for damages sustained by her son as a result, *inter alia*, of their alleged negligence in allowing Theodore to be injured on the bus and their alleged medical malpractice in dismissing him from the program without adequate medication to sustain him until the private doctor was retained. The Supreme Court, Queens County, subsequently dismissed this action in early 1987 on the ground that it lacked jurisdiction to entertain a claim against the State or officers of the State. Thereafter, on December 31, 1987, the claimant filed the instant claim to recover damages based upon the aforementioned allegations. The State moved to dismiss the claim for failure to comply with the filing requirements of Court of Claims Act § 10 (3), and the Court of Claims granted the motion. We affirm.

Pursuant to Court of Claims Act § 10 (3), a claim to recover damages for personal injuries occasioned by the negligence of the State must be filed within 90 days after the accrual of such claim unless the claimant files a written notice of intention to file a claim, in which event, the claim shall be filed within two years after its accrual *(see, Byrne v State of New York,* 104 AD2d 782, 783). It is well established that the filing requirements of Court of Claims Act § 10 are jurisdictional in nature, and must be strictly construed *(see, DeFilippis v State of New York,* 157 AD2d 826; *Greenspan Bros. v State of New York,* 122 AD2d 249; *Byrne v State of New York, supra).* In the instant case, even under the most favorable view of the facts, the latest act complained of occurred on November 12, 1985. Accordingly, the claimant's failure to file a claim, or a notice of intention to file a claim, within 90 days after that date is a fatal jurisdictional defect requiring dismissal *(see, DeFilippis v State of New York, supra; Byrne v State of New York, supra).*

Contrary to the claimant's contention, the prior Supreme Court action did not serve to toll the filing period of Court of Claims Act § 10. CPLR 205 (a) provides generally that where an action has been terminated by dismissal, other than on the merits, voluntarily, or for a failure to prosecute, the plaintiff may commence a new action upon the same cause of action within six months after the termination, notwithstanding the expiration of the Statute of Limitations. However, even if the claimant had succeeded in establishing that the second action was commenced within six months after the dismissal of the prior action, Court of Claims Act § 10 "is more than simply a Statute of Limitations" and the tolls and extensions of CPLR article 2 may not be invoked to extend the statutory period for

filing a claim, or a notice of intention to file a claim against the State of New York *(Kaplan v State of New York,* 152 AD2d 417; *accord, DeFilippis v State of New York, supra).* Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.