VALERIE BARRETT, as Administratrix of the Estate of KELLIAN BARRETT, Deceased, Appellant, v STATE OF NEW YORK, Respondent.

Second Department, September 17, 1990

APPEARANCES OF COUNSEL

*Fuchsberg & Fuchsberg (Martin Diennor* and *Abraham Fuchsberg* of counsel), for appellant.

*Robert Abrams, Attorney-General (Peter J. Dooley* and *Michael S. Buskus* of counsel), for respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

On this appeal, we are called upon to determine whether the personal representative of a deceased infant may assert the two-year tolling provision for infancy set forth in Court of

Claims Act § 10 (5) in filing a claim on behalf of the infant's estate to recover damages for the conscious pain and suffering experienced by the infant prior to death. We answer the question in the affirmative.

The relevant facts are not in dispute. The deceased infant, Kellian Barrett, was born on August 3, 1982, at the State University Hospital of Downstate Medical Center (hereinafter Downstate) in Brooklyn. It is claimed that, as a result of the malpractice of Downstate's staff before, during and after her birth, Kellian suffered brain damage, mental retardation, motor retardation, hydrocephaly, quadriplegia and seizures. Her condition necessitated that she undergo multiple surgical procedures, and Kellian ultimately died on August 17, 1985. Valerie Barrett, the mother of the deceased infant and the claimant herein, was appointed administratrix of Kellian's estate on December 3, 1986. On or about December 26, 1986, the claimant filed the instant claims on behalf of Kellian's estate to recover damages for Kellian's conscious pain and suffering and wrongful death. In its answer, the State asserted, *inter alia,* the affirmative defense that the claim was not timely filed. The State subsequently moved to dismiss the claim to recover damages for conscious pain and suffering as untimely, reasoning that it had not been filed within 90 days of the infant's death as required by Court of Claims Act § 10 (3). (It is undisputed that the wrongful death claim was timely filed.) The claimant opposed the motion and cross-moved to dismiss the State's affirmative defense of untimeliness, contending that the claim to recover damages for conscious pain and suffering was timely filed because the tolling period set forth in Court of Claims Act § 10 (5) was applicable thereto. That portion of the statute provides as follows: "If the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed". The claimant reasoned that, pursuant to the foregoing provision, Kellian had been under the legal disability of infancy at the time of the alleged malpractice, that the legal disability had been removed by her death, and that the filing of the claim of recover damages for conscious pain and suffering on behalf of her estate within two years of her death was therefore timely.

The claimant subsequently amended her cross motion to include an application for the alternative relief of deeming the claim timely filed nunc pro tunc under Court of Claims Act § 10 (6). No issue with regard to the disposition of this application is raised on appeal.

After the submission of additional papers and oral argument, the Court of Claims granted the State's motion, denied the claimant's cross motion, and dismissed the claim to recover damages for conscious pain and suffering as untimely *(see, Barrett v State of New York,* 143 Misc 2d 619). In doing so, the court relied, *inter alia,* upon its own prior decision in *Antoine v State of New York* (103 Misc 2d 664) and upon an extended examination of the legislative history of Court of Claims Act § 10 (5). The claimant appealed. For the reasons which follow, we reverse the order of the Court of Claims insofar as appealed from, deny the State's motion, grant that branch of the claimant's cross motion which was to dismiss the affirmative defense of untimeliness, and reinstate the claim to recover damages for conscious pain and suffering.

We begin by reiterating the now well-settled principle that Court of Claims Act § 10 (2), which provides that a claim against the State for wrongful death (or a written notice of intention to file such a claim) must be filed within 90 days after the appointment of the personal representative of the decedent, does not apply to a survival action to recover for the injured party's conscious pain and suffering *(see, DeFilippis v State of New York,* 157 AD2d 826; *Kaplan v State of New York,* 152 AD2d 417). Rather, survival actions are governed by Court of Claims Act § 10 (3), which requires that the claim or notice of intention to file a claim be filed within 90 days "after the accrual of such claim". It has been judicially recognized that the foregoing time periods constitute jurisdictional conditions precedent to the maintenance of such claims rather than mere Statutes of Limitation *(see, Coleman v Webb,* 158 AD2d 500; *Greenspan Bros. v State of New York,* 122 AD2d 249; *Byrne v State of New York,* 104 AD2d 782). Accordingly, they are to be strictly construed and cannot be extended by resort to the tolling provisions contained in the CPLR *(see, Coleman v Webb, supra; DeFilippis v State of New York, supra).*

While we are mindful of the foregoing principles, we nevertheless recognize that the tolling provision at issue in this case is not borrowed from some other body of civil law, but is itself part of Court of Claims Act § 10. Hence, where a claimant is laboring under a legal disability, such as infancy or incompetency, at the time the claim accrues, the claim need not be presented until two years after the disability is removed *(see,* Court of Claims Act § 10 [5]; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 208.03a). The plain language of the statutory toll permits its assertion by the deceased infant's

personal representative on behalf of the estate herein. At the time the claim for Kellian Barrett's conscious pain and suffering accrued, Kellian was an infant and therefore was under a legal disability. Under similar circumstances, the courts have interpreted Court of Claims Act § 10 (5) as dispensing with the 90-day filing requirement set forth in Court of Claims Act § 10 (3), regardless of whether that 90-day period is measured from the date of injury or the date of removal of the disability (see, e.g., *Boland v State of New York,* 30 NY2d 337 [holding that a patient involuntarily committed to a mental institution at the time of injury was required only to file a claim within two years, rather than 90 days, after the disability was removed]; *Crawford v State of New York,* 37 AD2d 450 [holding that a person under the former legal disability of imprisonment at the time of injury had timely filed a claim within two years after removal of the disability, and that filing within 90 days after the accident was unnecessary]; *Weber v State of New York,* 267 App Div 325 [holding that an infant had two years after reaching the age of majority within which to timely file a claim and that filing within 90 days of the accident was not required]). None of these decisions suggests that a different result would be required if the person under the disability died and the survival claim was pursued by the decedent's estate. Kellian's disability of infancy was removed by her death on August 17, 1985 (see, *Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664; *Gibbons v City of Troy,* 91 AD2d 707). Hence, in accordance with the plain language of the statute and in conformity with the spirit of the foregoing decisions, the claim for conscious pain and suffering which belonged to the infant and survived her death (see, EPTL 11-3.2 [b]) may be timely presented on behalf of her estate within two years after her death (see, *Aiello v State of New York,* Ct Cl, Feb. 5, 1986, Lengyel, J.). Indeed, to conclude otherwise would place the deceased infant's estate at a distinct procedural disadvantage, for while the infant, if living, would have two years from the date of reaching the age of majority within which to file a claim for conscious pain and suffering, the estate of that same infant, solely by reason of the infant's untimely death, would at best be relegated to a 90-day period from the date of death within which to seek the identical relief. Nothing in the text of Court of Claims Act § 10 (5) authorizes or supports such a distinction, nor does the reasoning of the State and the Court of Claims in this case persuade us to fashion a rule of disparate treatment between living

parties who formerly were under legal disabilities and the estates of deceased persons whose legal disabilities have been removed by reason of death.

The State maintains, and the Court of Claims determined, that the decision in *Antoine v State of New York* (103 Misc 2d 664, *supra)* and the legislative history of Court of Claims Act § 10 (5) preclude a deceased infant's estate from asserting the statutory disability toll. We disagree. It is true that *Antoine* involved facts similar to those at bar and resulted in a determination that a deceased infant's estate was barred from maintaining a claim to recover damages for pain and suffering because *no filing occurred within 90 days of accrual of the claim.* However, the applicability of the tolling provision of Court of Claims Act § 10 (5) was neither raised by the parties nor considered by the court in that case; hence, the decision has no precedential value with respect to that issue. Moreover, the decision in *Antoine* concededly relied upon a misperception of the factual circumstances in *Cruz v Mount Sinai Hosp.* (61 AD2d 915) in reaching this determination.

In the latter case, decided under the CPLR, the Appellate Division, First Department, was faced with a situation in which the decedent, an adult, left behind an infant son and an adult sister. The sister obtained limited letters of administration and commenced an action, *inter alia,* to recover damages arising from the decedent's personal injuries more than three years after the decedent's death. The Appellate Division dismissed the personal injury action as untimely under CPLR 214 and rejected the contention that *the infancy of the decedent's son should toll the limitations period,* for the following reasons: "the time within which a suit must be brought may be tolled by the infancy or other disability of the party authorized to bring suit (CPLR 208). The limitation is *not,* however, tolled by the infancy or disability of a beneficiary who could have been, or ultimately is appointed as, the personal representative when there existed at the time of the decedent's death next of kin who were not under disability to receive letters of administration" *(Cruz v Mount Sinai Hosp., supra,* at 916). In *Antoine v State of New York (supra),* the Court of Claims erroneously stated the holding in *Cruz v Mount Sinai Hosp. (supra)* as follows: "[t]he Appellate Division (First Department) held that, although *the decedent was an infant,* the disability was not effective as a tolling limitation since a personal representative existed at the time of the

decedent's death who was not under a disability" *(Antoine v State of New York, supra,* at 667 [emphasis supplied]).

However, in *Cruz v Mount Sinai Hosp. (supra),* the decedent was not the infant, hence, the decision in that case merely stands for the proposition that the infancy of a *decedent's child* may not be employed to toll the applicable limitations period where some other person who is not under a legal disability is available to act as the decedent's representative, a proposition with which we have expressed agreement *(see, Bonilla v Abbott,* 113 AD2d 861; *see also, Ratka v St. Francis Hosp.,* 44 NY2d 604). It does not provide, as the Court of Claims mistakenly believed in *Antoine v State of New York (supra),* that a CPLR 208 disability of *the decedent* cannot be asserted by the personal representative on behalf of the decedent's estate to toll the limitations period applicable to a particular lawsuit. Accordingly, to the extent the decision of the Court of Claims in the instant case relies on *Antoine v State of New York (supra),* we find it unpersuasive.

■ Similarly unconvincing is the lengthy discussion by the Court of Claims regarding the legislative history of Court of Claims Act § 10 (5). The unambiguous language of that statutory provision renders resort to its legislative history unnecessary, for the Court of Appeals has noted: "a statute is to be construed according to the ordinary meaning of its words *(Riegert Apts. Corp. v Planning Bd.,* 57 NY2d 206, 209; but see *Uniformed Firefighters Assn. v Beekman,* 52 NY2d 463, 471 [' "the absence of ambiguity facially is never conclusive" ']), and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal *(People v Graham,* 55 NY2d 144, 151; *New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1, 5-6). While legislative intent is the great and controlling principle *(Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 38), it should not be confused with legislative history, as the two are not coextensive" *(Sega v State of New York,* 60 NY2d 183, 190-191).

In any event, we note that the tolling language presently set forth in Court of Claims Act § 10 (5) first appeared in the Court of Claims Act in 1939 *(see,* L 1939, ch 860), some four years *after* the Legislature made statutory provision for survival actions such as the one involved herein *(see,* L 1935, ch 795). Accordingly, to the extent that the intent underlying Court of Claims Act § 10 (5) can be discerned from these historical facts, it appears that the Legislature was aware of the existence of an estate representative's right to prosecute a

survival action at the time it enacted the tolling provision, and it easily could have provided that such a toll would be inapplicable to survival actions if it had intended such a result.

■ The State additionally argues that the disability toll at issue should not be applied in this case because it would violate the New York State Constitution by giving the claimant a longer limitations period to bring· suit against the State than she would have received if the action had been brought between citizens of the State (NY Const, art III, § 19). The contention is without merit. The State premises its argument on the fact that, while Court of Claims Act § 10 (5) gives the claimant an additional two years after removal of the disability within which to bring suit, CPLR 210 (a) permits a maximum toll of only one year when the person entitled to bring suit dies. The error in this reasoning is that CPLR 210 (a) is a tolling provision for the death of the aggrieved party, which has no counterpart in the Court of Claims Act. Conversely, Court of Claims Act § 10 (5) provides a toll for *legal disability,* not death (albeit the death of the person under the disability serves to remove that disability for the purposes of the tolling provision). Court of Claims Act § 10 (5) does have a counterpart in CPLR 208 which provides an infant or incompetent with an additional three years after cessation of the disability within which to commence suit. Inasmuch as an infant would be entitled to a two-year toll under Court of Claims Act § 10 (5) in commencing suit against the State, the State is not unconstitutionally subjected to a less favorable limitations period than an ordinary citizen.

■ In sum, we conclude that the foregoing interpretation of the disability toll set forth in Court of Claims Act § 10 (5) may be asserted not only by a living claimant who was formerly under the legal disability of infancy, but also on behalf of a deceased infant's estate. We see no basis in the statute for the distinction which the State attempts to draw between the two, as our interpretation does not provide the infant's estate with an unfair advantage, but merely ensures that it benefits from the same toll that the infant would have had in the event she survived. We note that while we have in the past cited the decision under review as authority for other legal principles discussed therein *(see, e.g., DeFilippis v State of New York,* 157 AD2d 826, *supra),* we have not previously passed upon its analysis of the issue raised herein.

BRACKEN, J. P., EIBER and ROSENBLATT, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the State's motion which was to dismiss the cause of action to recover damages for conscious pain and suffering is denied, and that branch of the claimant's cross motion which was to dismiss the State's fourth affirmative defense is granted.