■ RHODA PELNICK, Individually and as Administratrix of the Estate of ALLAN E. PELNICK, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 68987.)—In a medical malpractice claim to recover damages for wrongful death, etc., the State of New York appeals from so much of an interlocutory judgment of the Court of Claims (Silverman, J.), entered November 4, 1988, as found it liable on the cause of action to recover damages for conscious pain and suffering, and, as limited by its brief, from so much of a judgment of the same court, dated May 3, 1989, as is in favor of the claimant and against it in (a) the principal sum of $377,010 as damages for wrongful death, on the ground that it is excessive in the amount of $188,050, and (b) the principal sum of $75,000 as damages for conscious pain and suffering, for a total principal sum of $452,010.

Ordered that the appeal from the interlocutory judgment is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment dated May 3, 1989, is modified, on the law, by deleting the award of $75,000 for conscious pain and suffering and by reducing the total principal sum of $452,010 to the principal sum of $377,010; as so modified, the judgment is affirmed, without costs or disbursements, so much of the interlocutory judgment entered November 4, 1988, as found the State liable upon the cause of action to recover damages for conscious pain and suffering is vacated, that cause of action is dismissed, and the matter is remitted to the Court of Claims for the entry of an appropriate amended judgment.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the final judgment (CPLR 5501 [a] [1]).

The claimant's husband Allan Pelnick died on May 17, 1983, after contracting meningitis while working as a volunteer at a State hospital. She subsequently filed a claim against the State of New York seeking damages for wrongful death and for the decedent's conscious pain and suffering. Although that portion of the claim which sought damages for pain and suffering was not filed within 90 days after its accrual, as mandated by Court of Claims Act § 10 (3), the trial court nevertheless concluded that this cause of action was timely because the statutory period for filing was extended by the tolling provision contained in CPLR 210 (a).

On appeal the State contends that the court erred in applying the tolling provision of CPLR 210 (a) to extend the claimant's time to file a claim to recover damages for the decedent's pain and suffering, and that this cause of action must therefore be dismissed. We agree.

It is by now well established that Court of Claims Act § 10 (2), which provides that a claim against the State for wrongful death must be filed within 90 days after the appointment of a personal representative of the decedent, does not apply to a survival action to recover for the decedent's conscious pain and suffering (see, Barrett v State of New York, 161 AD2d 61, 64; DeFilippis v State of New York, 157 AD2d 826; Kaplan v State of New York, 152 AD2d 417). Such survival actions are governed instead by Court of Claims Act § 10 (3), which requires that the claim, or a notice of intention to file a claim, be filed within 90 days "after the accrual of such claim". The filing requirements of the Court of Claims Act are jurisdictional conditions precedent to the commencement and maintenance of a claim against the State, and must be strictly construed (see, Barrett v State of New York, supra; DeFilippis v State of New York, supra; Coleman v Webb, 158 AD2d 500). Accordingly, the tolls and extensions of CPLR article 2 may not be invoked to extend the statutory period for the filing of a claim, or a notice of intention to file a claim, against the State of New York (see, DeFilippis v State of New York, supra; Kaplan v State of New York, supra).

Moreover, although Court of Claims Act § 11 has been recently amended to provide that any defense based upon failure to comply with the time limitations set forth in Court of Claims Act § 10 is waived "unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading", this amendment is not to be applied retroactively (see, L 1990, ch 625, § 1, amending Court of Claims Act § 11 [c], eff July 18,

1990; McKinney's Cons Laws of NY, Book 1, Statutes §§ 55, 51; *see also, Charbonneau v State of New York,* 148 Misc 2d 891 [Ct of Cl]).

We have examined the State's remaining contention and find it to be without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur. *[See,* 141 Misc 2d 542.]