Puckerin v State of New York (2018 NY Slip Op 01631)





Puckerin v State of New York


2018 NY Slip Op 01631


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-01828

[*1]Olga L. Puckerin, etc., respondent, 
v
State of New York, appellant. (Claim No. 121078)


Eric T. Schneiderman, Attorney General, New York, NY (Andrew Rhys Davies and Andrew W. Amend of counsel), for appellant.
Ross & Hill, Brooklyn, NY (James Ross of counsel), for respondent.



DECISION & ORDER
In a claim, inter alia, to recover damages for personal injuries, the defendant appeals from so much of an order of the Court of Claims (Marin, J.), dated August 26, 2015, as denied that branch of its motion which was to dismiss the claim to recover damages for conscious pain and suffering sustained by the claimant's decedent as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the claimant's decedent, who was then hospitalized at Creedmoor Psychiatric Facility (hereinafter Creedmoor), was transferred by Creedmoor to a New York State-sponsored family care home. The decedent remained a resident of the family care home until July 23, 2011, when he died of "hyperthermia due to environmental exposure." Pursuant to a "New York State Department of Mental Hygiene Family Caretaker Agreement," the decedent "continue[d] to be a legal patient" of Creedmoor while he was a resident of the family care home.
On March 19, 2012, the claimant, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for the decedent's conscious pain and suffering. It was claimed that the decedent was left in a room without air conditioning or a fan, causing him to suffer from hyperthermia which ultimately resulted in his death. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the claim to recover damages for the decedent's conscious pain and suffering on the ground that it was untimely. The Court of Claims denied that branch of the defendant's motion, and the defendant appeals.
Court of Claims Act § 10(3) requires that a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the state must be served upon the attorney general within 90 days after the accrual of such claim. However, pursuant to Court of Claims Act § 10(5), "[i]f the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed."
Here, the decedent was hospitalized for psychiatric reasons and required psychiatric [*2]treatment from 2009 until the time of his death. Thus, the decedent was under a legal disability until his death (see Boland v State of New York, 30 NY2d 337, 342), and the claimant, as administrator of the decedent's estate, may properly assert the two-year tolling provision based on the decedent's disability when filing a claim to recover damages for the conscious pain and suffering allegedly experienced by the decedent prior to death (see Barrett v State of New York, 161 AD2d 61, 62-63, affd 78 NY2d 1111; see also Kealos v State of New York, 150 AD3d 1211, 1211-1213; cf. Baez v New York City Health & Hosps. Corp., 80 NY2d 571). Accordingly, the Court of Claims properly concluded that, pursuant to Court of Claims Act § 10(5), the claim for the decedent's conscious pain and suffering was timely commenced.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court