LINDA FESS et al., Plaintiffs-Appellants, v. PARKE, DAVIS & COMPANY, Defendant-Appellee.—(Katherine Fess, a Minor, by Linda Fess et al., her Parents and Next Friends, Plaintiff; Bernard M. Greenwald et al. Defendants.)

First District (4th Division)   No. 82—52

Opinion filed March 10, 1983.

John D. Hayes & Associates, Ltd., of Chicago (John D. Hayes and David A. Novoselsky, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (William J. White and Hugh C. Griffin, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

On November 19, 1979, the plaintiffs, Linda and Arthur Fess, parents of minor child, Katherine Fess, brought suit against the defendant, Parke, Davis & Company, on behalf of their daughter for the severe and permanent injuries which she sustained during her birth on November 24, 1974, The plaintiffs also brought an individual action against Parke Davis alleging that their daughter's injuries rendered them liable for medical, hospital, nursing, caretaking and other related expenses, as well as loss of income and loss of consortium.

Parke Davis moved to dismiss those portions of the complaint brought by the parents individually as not being commenced within two years following the injuries pursuant to section 14.1 of the Limitations Act. That section is applicable to loss of consortium and other derivative type actions. (Ill. Rev. Stat. 1979, ch. 83, par. 15.1, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 13—204.) The parents responded that section 21, commonly referred to as the savings section which extends the time for bringing a minor's cause of action until two years after the minor has reached the age of 18, similarly tolled their derivative action. (Ill. Rev. Stat. 1979, ch. 83, par. 22, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 13—211.) The trial court granted the defendant's motion to dismiss.

The relevant statutes are summarized as follows:

"Sec. 14. Actions for damages for an injury to the person *** shall be commenced within two years after the cause of action accrued." Ill. Rev. Stat. 1979, ch. 83, par. 15, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 13—203.

"Sec. 14.1. Actions for damages for loss of consortium or other actions deriving from injury to the person of another shall be commenced within the same period of time as actions for damages for injury to such other person." Ill. Rev. Stat. 1979, ch. 83, par. 15.1, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 13—204.

"Sec. 21. If the person entitled to bring an action *** is, at the time the cause of action accrued, within the age of 18 years *** he or she may bring the action within 2 years after the disability is removed." Ill. Rev. Stat. 1979, ch. 83, par. 22; now codified as Ill. Rev. Stat. 1981, ch. 110, par. 13—211.

On appeal the parents argue that when the legislature amended section 14.1 on derivative actions in 1977, it reduced the filing time

from five years to two years to conform the derivative action to the underlying injury action. According to the parents, this evinced an intent on the part of the legislature to conform derivative actions generally to the underlying injury. Consequently, the parents urge that since their child's action is tolled under section 21 until two years after she reaches her majority, their derivative action is also tolled. We do not agree.

■ The language of section 21 specifically refers to the person who can avail himself of the savings clause as "*** the person entitled to bring an action *** [who] is, at the time the cause of action accrued, *within the age of 18 years ***.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 83, par. 22.) The defendant argues here, and rightfully so, that this language cannot refer to the parents because at the time their derivative action accrued, they were over the age of 18. Section 21 goes on to say that "he or she may bring the action within 2 years after the disability is removed." Again, this language cannot refer to the parents because they are under no removable age disability. Therefore under the plain meaning of the savings clause, the clause applies only to a person who is under 18 years at the time that the cause of action accrued and only that person may bring an action within two years after the disability is removed. In construing a statute, a court must adhere to the plain meaning of the words employed by the legislature. *Rushton v. O'Malley* (1980), 89 Ill. App. 3d 103, 411 N.E.2d 528.

■ Furthermore in ascertaining legislative intent, it is an established rule regarding statutes of limitations that no exceptions which toll the statute or enlarge its scope will be implied. As the court stated in *Fisher v. Rhodes* (1974), 22 Ill. App. 3d 978, 317 N.E.2d 604, "for if the legislature had intended to except any class of persons from the effect of the statute, it would have done so and courts will not assume such authority or dominion. '*** [T]he court may construe only the clear words of the statute, and if its scope is to be enlarged, the remedy should be legislative rather than judicial. ***' " 22 Ill. App. 3d 978, 981-82, 317 N.E.2d 604, 607.

Also, the rationale for allowing a savings clause for minors has no application to a derivative action. The reason for tolling the statute of limitations for minors is that enforcement of a child's right should not be left to the whim or mercy of some self-constituted next friend. (*Girman v. County of Cook* (1981), 103 Ill. App. 3d 897, 431 N.E.2d 1291.) An exception for minors is necessary " 'to protect the minor's interest and preserve his day in court' " until he is able to bring suit in his own behalf. (103 Ill. App. 3d 897, 899, 431 N.E.2d 1291, 1293.)

The parents, as adults, are quite capable of bringing suit on their own behalf within the two years of the child's injury.

Finally, the conformity which the parents presume from their theory of legislative intent is not in fact present. If a derivative action is conformed to the time period allocated to minors under the savings section, it would still be possible for the minor to bring her action within a short time after injury while her parents would have almost 20 years to bring their action. This could not be the result intended by the legislature.

For the reasons stated above we affirm the judgment of the trial court.

Affirmed.

ROMITI, P.J., and LINN, J., concur.