# Illinois Official Reports

## Appellate Court

---

### *Giles v. Parks*, 2018 IL App (1st) 163152

---

| | |
|---|---|
| Appellate Court Caption | ROSCOE GILES, as Special Representative and Special Administrator of the Estate of Morris Giles, Deceased, Plaintiff-Appellant, v. ROBERT PARKS, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-16-3152 |
| Filed<br>Rehearing denied | February 5, 2018<br>March 16, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-13240; the Hon. Janet Adams Brosnahan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ben Crane and Stephen Blecha, of Coplan & Crane, Ltd., of Oak Park, for appellant.<br><br>Keely Hillison and Molly E. Mackey, of Parrillo Weiss LLC, of Chicago, for appellee. |
| Panel | JUSTICE SIMON delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Harris concurred in the judgment and opinion. |

¶ 1    This case proves to be yet another reminder to attorneys and litigants about the importance of complying with statutes of limitations and that the proper application of a limitations period may produce results that seem harsh or undesirable. Plaintiff, whose brother was killed, filed his case just a single day after the statute of limitations had run. On appeal, plaintiff attempts to use the decedent's legal disability as an excuse for his own untimely filing. The Code of Civil Procedure does not permit the statutes to be used in the manner that plaintiff advocates and, accordingly, we affirm the denial of plaintiff's petition for relief from the judgment.

¶ 2                                    BACKGROUND

¶ 3    On December 22, 2012, plaintiff's decedent, Morris Giles, was walking through a crosswalk when he was struck by defendant's tow truck. Giles was unresponsive and unconscious from the time of the collision until he died the next day at the hospital, on December 23, 2012.

¶ 4    Giles's brother, plaintiff Roscoe Giles, retained an attorney to sue defendant. Exactly two years after Giles died and two years and a day after the collision, this case was filed in Cook County circuit court. The complaint had a single claim that plaintiff characterizes as a survival claim, and the statute of limitations for the asserted cause of action is two years.

¶ 5    Before the limitations issue was litigated or before there was any other meaningful activity in the case, the case was dismissed for want of prosecution. Plaintiff eventually hired new counsel and filed a petition for relief from the judgment under section 2-1401 of the Code of Civil Procedure (see 735 ILCS 5/2-1401 (West 2012)). That petition was filed on March 15, 2016.

¶ 6    In his petition for relief from the judgment, plaintiff presented evidence that his original attorney had a minor stroke in October 2015 and was no longer authorized to practice law by the time the petition was presented to the court. After some back and forth between the parties, it became apparent that there was a real issue as to whether plaintiff acted with diligence in prosecuting his original claim, with the ultimate question being whether the claim was barred by the statute of limitations at the time it was filed.

¶ 7    Defendant took the position that the case was filed more than two years after the cause of action accrued. Plaintiff took the position that the claim was timely because Giles was under a legal disability from the time he was struck until he died the next day, so the statute of limitations was tolled for a day and the claim was, therefore, timely. Plaintiff also sought leave to file a claim under the wrongful death statute where the statute of limitations accrues at the time of the death rather than at the time of the injury. Plaintiff argued that his newly asserted wrongful death claim should be considered to "relate back" to the date the complaint was filed because the claim arises from the same transaction or occurrence as his original claim.

¶ 8    The trial court held a hearing but had the parties focus on addressing the propriety of plaintiff's arguments on the legal disability issue and on the applicability of the relation back doctrine. The trial court issued a detailed and well-reasoned written order explaining its holding that (1) any legal disability did not toll the statute of limitations, so the originally filed claim was time barred, and (2) the new claim plaintiff wanted to assert could not relate back to

an untimely filed original pleading.

¶ 9                                                   ANALYSIS

¶ 10        To begin, plaintiff essentially concedes that without the aid of a separate justifying statute, the cause of action he asserts in his complaint is barred by the two-year statute of limitations (735 ILCS 5/13-202 (West 2012)). Plaintiff admits that Giles was injured traumatically on December 22, 2012, and that the case was not filed until December 23, 2014.

¶ 11        Actions for damages for an injury to the person shall be commenced within two years of when the cause of action accrues. *Id.* Where the plaintiff's injury is caused by a " 'sudden traumatic event,' " the cause of action accrues immediately, and the statute of limitations begins to run on the day the injury occurs. *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 362 (1995).

¶ 12        Therefore, in order to argue that his claim should avoid the statutory time bar, plaintiff relies on a combination of statutes that have the purpose of tolling or extending limitations periods under certain circumstances. Plaintiff attempts to use two statutory sections that relate to (1) time limitations for minors and persons under legal disability (735 ILCS 5/13-211 (West 2012)) and (2) time limitations when there is the death of a party (*id.* § 13-209). Plaintiff's position on appeal is that Giles's cause of action was tolled by his immediate incapacitation and resulting legal disability, so plaintiff is entitled to bring the claim until two years after the disability was removed by Giles's death—just as Giles could have done had he lived.

¶ 13        The statute pertaining to legal disability states that if the person entitled to bring an action is under a legal disability at the time the cause of action accrues, then he or she may bring the action within two years after the disability is removed. *Id.* § 13-211. The statute pertaining to the death of a party states that, if the person entitled to bring an action dies before the expiration of the time that the action must be filed and the cause of action survives the death, an action may be commenced by his or her representative before the expiration of that time or within one year from his or her death, whichever date is later. *Id.* § 13-209(a)(1).

¶ 14        Plaintiff seeks the benefit of both of those statutory sections: he wants the limitations period to be tolled from the time of the collision until the decedent's death, and he wants the cause of action to survive for two years after *that* date—tacking one statutory extension onto the other. According to plaintiff, section 13-209 gives him all the rights that Giles had, and section 13-211 saves his claim because, "had [Giles] survived," Giles "could have brought a personal injury action up to and including December 23, 2014, two years after his legal disability was removed." Plaintiff states that Giles's "legal disability was removed on the day of his death."

¶ 15        The statute dealing with legal disability is specific to and only applies to the person suffering from the disability. Section 13-211 states that "[i]f the *person* entitled to bring an action" is under a legal disability, then "*he or she* may bring the action within 2 years after the *** disability is removed." (Emphases added). *Id.* § 13-211. The statute contemplates both that the disability be removed at some point and that the *injured party* bring the action that would otherwise be time barred. *Id.* The statute does not contemplate a representative bringing any action at all, let alone an action two years after the disability is removed. *Fess v. Parke, Davis & Co.*, 113 Ill. App. 3d 133, 135 (1983) (the person under a disability, and "only that person[,] may bring an action within two years after the disability is removed"); see also *Swider v. Holy Cross Hospital*, 146 Ill. App. 3d 740, 742 (1986).

- 3 -

¶ 16 The cause of action that an injured party has and the one that the party's representative might have derivatively are treated differently. To borrow generously from and basically quote *Fess*: the reason for tolling the statute of limitations for a person that is legally disabled is that enforcement of *that person's right* should not be left to the mercy of someone else. *Fess*, 113 Ill. App. 3d at 135. An exception for someone suffering a legal disability is necessary to protect *that person's* interests and preserve *his* day in court until *he* is able to bring suit *on his own behalf. Id.* The injured person's representative, who is not under any legal disability, is quite capable of bringing suit within the two years of the injured person's injury. *Id.* at 136. Accordingly, plaintiff cannot invoke section 13-211 as a mechanism to toll the statute of limitations.

¶ 17 So instead, since we must disregard any legal disability that Giles might have had insofar as it concerns plaintiff's rights, plaintiff had two years from the time of the injury or one year from the time of death, whichever was later, to file the case. 735 ILCS 5/13-209(a)(1) (West 2012). Again, that is because, where there is a sudden traumatic injurious event, the cause of action accrues, and the statute of limitations begins to run on the date the injury occurs. *Golla*, 167 Ill. 2d at 362. Unfortunately for plaintiff, the case before us requires us to consider the rule in terms of only a single day, but the length of the disability cannot be what prevents us from correctly applying the law. Because the statute of limitations began to run on the date of Giles's injury, December 22, 2012, and the claim was not filed until December 23, 2014, plaintiff's claim is time barred.

¶ 18 A statute of limitations is by definition an arbitrary period after which all claims will be cut off. *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 448 (2005). Sometimes the application of a statute of limitations will produce seemingly capricious results. *Hamil v. Vidal*, 140 Ill. App. 3d 201, 204 (1985). Nevertheless, a statute of limitations must not be enlarged by judicial action beyond the provision's legislatively intended scope. *Id.* The statutory scheme simply does not allow for plaintiff to use Giles's legal disability as an excuse for not filing his own claim within two years of the collision.

¶ 19 The purpose of section 2-1401 is to give litigants a chance after judgment is entered to present facts to the court that, if known at the time the judgment was entered, would have prevented the entry of judgment. *BMO Harris Bank National Ass'n v. LaRosa*, 2017 IL App (1st) 161159, ¶ 17. A section 2-1401 petition was not intended to allow a litigant to be relieved of the consequences of his own mistake or negligence, and the burden is on the petitioner to rebut the presumption that the judgment is correct and to demonstrate that there has been no lack of due diligence. *Malek v. Lederle Laboratories*, 152 Ill. App. 3d 493, 497 (1987). To be entitled to relief from a judgment under section 2-1401, the petitioner must set forth specific factual allegations supporting (1) the existence of a meritorious claim or defense, (2) due diligence in presenting the defense or claim to the trial court in the original action, and (3) due diligence in filing the petition. *BMO Harris Bank*, 2017 IL App (1st) 161159, ¶ 13.

¶ 20 Plaintiff offers no reason for his failure to file the case for more than two years. To the extent plaintiff blames his attorney, it is well settled that litigants are bound by the mistakes or negligence of their attorney. *KNM Holdings, Inc. v. James*, 2016 IL App (1st) 143008, ¶ 22. A litigant has a duty to follow the progress of his or her case, and a section 2-1401 petition will not relieve a litigant of the consequences of an attorney's negligence. *Id.* In this case, the claim was filed after the statute of limitations had run. There was a sudden and traumatic injury, but

plaintiff still did not file his case within two years. Accordingly, the claim was time barred, and the trial court properly denied plaintiff's petition for relief under section 2-1401.

¶ 21 As part of his petition for relief from the judgment, plaintiff asked the trial court for leave to file a new claim for wrongful death. The trial court denied plaintiff's request. Plaintiff argues that his putative wrongful death claim relates back to the survival claim he filed and, since a claim for wrongful death accrues when the decedent dies, it would be timely filed on December 23, 2014—exactly two years after the date Giles died.

¶ 22 The Code of Civil Procedure provides a process by which an amended pleading can be held to relate back to the date that the original pleading was filed. 735 ILCS 5/2-616(b) (West 2012). The statute provides that a cause of action set up in any amended pleading shall not be barred by the lapse of time if the time to file had not expired when the original pleading was filed and if it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence as the one set up in the original pleading. *Id.* Thus, the relation-back doctrine applies if (1) the original complaint was timely filed and (2) the cause of action in the amended complaint grew out of the same transaction or occurrence as the one alleged in the original complaint. *Marek v. O.B. Gyne Specialists II, S.C.*, 319 Ill. App. 3d 690, 696 (2001).

¶ 23 As established above, the original complaint was not timely filed. What Giles seeks to do is to relate back to an untimely filing by asserting a new cause of action that has a later accrual date. The original filing was not timely, so no subsequent pleading can relate back to it. A party cannot use the relation-back doctrine to assert a new claim that would have been timely had it been filed originally in order to remedy an untimely filing.

¶ 24 Moreover, plaintiff is seeking leave to amend after a final judgment in the case has already been entered. Parties do not have an absolute right to amend; rather, the decision rests in the sound discretion of the trial court. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 47. We will not disturb a trial court's ruling on whether an amendment should be allowed unless the trial court abuses its discretion. *Id.* Here, plaintiff let more than a year pass from the time his case was dismissed until the time he tried to file a new claim. The trial court was under no obligation to accept the amended pleading—asserted for the first time after plaintiff exhibited a lack of diligence in pursuing his original claim. The trial court committed no error when it denied plaintiff's petition for relief from the judgment.

¶ 25 CONCLUSION

¶ 26 Accordingly, we affirm.

¶ 27 Affirmed.