2019 IL App (1st) 181552
No. 1-18-1552

FOURTH DIVISION
September 26, 2019

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| ITADIL ZAYED, as Independent Administrator of the Estate of Said Mohammad Zayed, Deceased,<br><br>    Plaintiff-Appellant,<br><br>      v.<br><br>CLARK MANOR CONVALESCENT CENTER, INC., an Illinois Corporation, d/b/a Clark Manor Convalescent Center; J.S. AFFILIATES, LTD., an Illinois Corporation; and JLR FINANCIAL SERVICES CORP., an Illinois Corporation f/k/a JLR Management Corp.,<br><br>    Defendants-Appellees. | Appeal from the Circuit Court of Cook County<br><br>2017-L-007306<br><br>Honorable John P. Callahan, Judge Presiding |

_____

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Lampkin[*] and Burke concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, Itadil Zayed, as the independent administrator of the estate of Said Mohammad Zayed, filed a wrongful death and survival action alleging that, while Said was residing in Clark Manor Convalescent Center (Clark Manor), he fell and suffered a hip fracture that caused or contributed to causing his death 18 months later. Said had been disabled by dementia and could not have filed his own suit. The nursing home moved to dismiss Said's personal claims as

_____

[*] Justice Lampkin was assigned as a panel member on this case on September 10, 2019. She was not present for oral argument; however, she did review the recording of the oral arguments.

untimely pursuant to an appellate decision involving similar facts, *Giles v. Parks*, 2018 IL App (1st) 163152.

¶ 2    Illinois law provides that personal injury suits are to be filed within two years of when the cause of action accrues. 735 ILCS 5/13-202 (West 2014). In *Giles*, the court ruled that section 13-211 of the Code of Civil Procedure (Code) (735 ILCS 5/13-211 (West 2012)), which suspends the running of the statute of limitations while a person is legally disabled, was not controlling and that section 13-209(a)(1) (735 ILCS 5/13-209(a)(1) (West 2012)), which extends the limitations period when a tortiously injured person dies before filing suit, governed. *Giles*, 2018 IL App (1st) 163152, ¶¶ 12-17. Pursuant to *Giles*, the trial court found that Said's personal claims accrued when he was traumatically injured in 2014 and, because he died in 2015 during the two-year limitations period for personal injury claims, section 13-209(a)(1) extended the limitations period to 2016 for only one year beyond his death, meaning that the claims plaintiff filed on Said's behalf in 2017 were untimely.

¶ 3    On appeal, plaintiff contends that *Giles* misinterprets the legislature's intent in the two statutes and results in injustice. She argues that sections 13-211(a) and 13-209(a)(1) are to be applied together, so that a disabling condition during a person's lifetime indefinitely suspends the time limitation for filing a tort claim and then, only upon the person's death, does the two-year limitation period begin to run for that person's legal representative to bring an action. See 735 ILCS 13-209(a)(1), 13-211(a) (West 2014).

¶ 4                                        BACKGROUND

¶ 5    According to plaintiff's complaint, on June 8, 2012, when Said was 62 years old, he became a resident of the subject nursing home located in Chicago. Prior to his admission and for the remainder of his life, Said was under a legal disability, in that he was incapable of managing

his person or property and could not comprehend his legal rights or the nature of the acts that would give rise to his cause of action. Although not alleged in the complaint, counsel told the trial court during arguments that Said's admitting diagnosis to Clark Manor included dementia, Parkinson's disease, and Alzheimer's disease and that it was undisputed that he was under a legal disability. It was further alleged that Said was at a high risk for falls and that, while he was unattended, he fell out of bed on March 4, 2014. Plaintiff alleged that Said spent six days in the hospital and was then transferred to a different nursing home. Said's fall caused a right intertrochanteric (hip) fracture that either caused or contributed to causing his death on September 25, 2015, a few months before his sixty-sixth birthday.

¶ 6      Plaintiff filed suit on July 20, 2017, which was 3 years and 4 months after Said's fracture and 1 year and 10 months after his death. Seven of the claims were on Said's behalf, seeking compensation for his expenses, pain and suffering, disability, and disfigurement due to violations of his rights under the Nursing Home Care Act and under common-law negligence. See 210 ILCS 45/1-101 *et seq.* (West 2014) (statute intended to protect the rights of nursing home residents vulnerable to exploitation, neglect, or abuse); see also 755 ILCS 5/27-6 (West 2014) (statute that allows for recovery of damages the injured person could have recovered, had that person survived). The six other claims were to compensate Said's family for their loss of companionship, loss of society, grief, sorrow, and mental suffering, and from all indications those claims are still pending in the trial court.

¶ 7      Clark Manor filed a section 2-619 motion to dismiss Said's seven personal claims as untimely pursuant to *Giles*. 735 ILCS 5/2-619 (West 2016); *Giles*, 2018 IL App (1st) 163152. The trial court considered the parties' briefs and arguments, granted the dismissal, and, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), authorized this interlocutory appeal.

¶ 8                              ANALYSIS

¶ 9     On review from the dismissal order, we take all well-pled facts in the complaint as true, along with all reasonable inferences that can be gleaned from those facts. *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 34. We address a section 2-619 dismissal *de novo*. *Henderson Square*, 2015 IL 118139, ¶ 34. The *de novo* standard governs our review for the additional reason that we are addressing the proper interpretation of sections 13-209(a)(1) and 13-211(a) and statutory construction poses a question of law. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 21; 735 ILCS 5/13-209(a)(1), 13-211(a) (West 2014). Under the *de novo* standard, "we perform the same analysis a trial court would perform and give no deference to the judge's conclusions or specific rationale." *Bituminous Casualty Corp. v. Iles*, 2013 IL App (5th) 120485, ¶ 19.

¶ 10     In *Giles*, the case previously decided by another division of this court, Morris, an adult, was walking through a crosswalk when he was struck by a tow truck. *Giles*, 2018 IL App (1st) 163152, ¶ 3. The accident rendered Morris unconscious, and he remained so until he died the next day at the hospital. *Giles*, 2018 IL App (1st) 163152, ¶ 3. Two years after Morris died and two years and one day after the accident, Morris's brother, Roscoe, filed a one-count action on Morris's behalf against the tow truck's owner. *Giles*, 2018 IL App (1st) 163152, ¶ 4. Morris's personal injury claim and the personal injury claims now at issue were subject to the same two-year statute of limitations. See 735 ILCS 5/13-202 (West 2012).

¶ 11     The *Giles* action was, however, dismissed for want of prosecution. *Giles*, 2018 IL App (1st) 163152, ¶ 5. In a petition for relief from the judgment order, Roscoe presented evidence that the attorney he originally retained had a minor stroke and was no longer practicing law.

*Giles*, 2018 IL App (1st) 163152, ¶ 6. In response, the tow truck owner argued that, regardless, the claim was time barred when it was filed. *Giles*, 2018 IL App (1st) 163152, ¶ 6. Roscoe replied that his brother Morris was under a legal disability from the time he was struck in the crosswalk until the time he died the next day, that the legal disability tolled the statute of limitations for that one day, and that the complaint regarding Morris's personal injuries was therefore timely. *Giles*, 2018 IL App (1st) 163152, ¶ 7. Here, Said's circumstances are slightly different from Morris's, in that Said was legally disabled prior to being tortiously injured, but his personal representative now also argues that a legal disability tolled the statute of limitations during Said's remaining lifetime.

¶ 12    In order to avoid the conclusion that the action was time barred, Roscoe relied on interpreting section 13-211 and section 13-209 together, as plaintiff now also relies. Section 13-211 states in relevant part:

"§ 13-211. Minors and persons under legal disability.

(a) If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Code, at the time the cause of action accrued, is under the age of 18 years or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13-211(a) (West 2014).

" 'Person under legal disability' means a person 18 years or older who (a) because of mental deterioration or physical incapacity is not fully able to manage his or her person or estate ***." 5 ILCS 70/1.06 (West 2014).

¶ 13    The pertinent portion of section 13-209 states:

"§ 13-209. Death of party.

- 5 -

1-18-1552

> (a) If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives:
>
>> (1) an action may be commenced by his or her representative before the expiration of that time, or within one year from his or her death whichever date is the later[.]" 735 ILCS 5/13-209(a)(1) (West 2014).

¶ 14    Roscoe sought the benefit of both statutes, so that the limitations period was tolled by section 13-211 from the time of the collision until Morris's death and that the cause of action survived for two years after that date due to section 13-209. *Giles*, 2018 IL App (1st) 163152, ¶ 14. According to Roscoe, section 13-209 gave him all the rights that Morris had, and section 13-211 saved the claim because, had Morris survived, Morris " 'could have brought a personal injury action up to and including *** two years after his legal disability was removed [by his death].' " *Giles*, 2018 IL App (1st) 163152, ¶ 14. It was undisputed in *Giles* and undisputed here that the death of the person ends his or her legal disability. See *Giles*, 2018 IL App (1st) 163152, ¶ 14.

¶ 15    The trial court rejected this interpretation of the statutes and denied Roscoe's petition to reinstate the complaint. *Giles*, 2018 IL App (1st) 163152, ¶ 8.

¶ 16    The appellate court affirmed the ruling, starting with the fact that, when a person is injured in a sudden, traumatic event, the person's cause of action accrues immediately and the statute of limitations begins to run on the day the injury occurs. *Giles*, 2018 IL App (1st) 163152, ¶ 11 (citing *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 362 (1995)). The court considered Roscoe's argument that Morris's unconscious state and section 13-211 tolled the statute of limitations. However, the court reasoned that section 13-211's language was specific to the disabled person and could not be invoked by a disabled person's representative:

"The statute dealing with legal disability is specific to and only applies to the person suffering from the disability. Section 13-211 states that '[i]f the *person* entitled to bring an action' is under a legal disability, then '*he or she* may bring the action within 2 years after the *** disability is removed.' (Emphases added.) [735 ILCS 5/13-211 (West 2012).] The statute contemplates both that the disability be removed at some point and that the *injured party* bring the action that would otherwise be time barred. *Id.* [Section 13-211] does not contemplate a representative bringing any action at all, let alone an action two years after the disability is removed. *Fess v. Parke, Davis & Co.*, 113 Ill. App. 3d 133, 135 (1983) (the person under a disability, and 'only that person[,] may bring an action within two years after the disability is removed'); see also *Swider v. Holy Cross Hospital*, 146 Ill. App. 3d 740, 742 (1986).

The cause of action that an injured party has and the one that the party's representative might have derivatively are treated differently. To borrow generously from and basically quote *Fess*: the reason for tolling the statute of limitations for a person that is legally disabled is that enforcement of *that person's right* should not be left to the mercy of someone else. *Fess*, 113 Ill. App. 3d at 135. An exception for someone suffering a legal disability is necessary to protect *that person's* interests and preserve *his* day in court until *he* is able to bring suit *on his own behalf*. *Id.* The injured person's representative, who is not under any legal disability, is quite capable of bringing suit within the two years of the injured person's injury. *Id.* at 136. Accordingly, plaintiff cannot invoke section 13-211 as a mechanism to toll the statute of limitations." (Emphases in original.) *Giles*, 2018 IL App (1st) 163152, ¶¶ 15-16.

¶ 17    Having considered the language of section 13-211 and its relevance to the facts, the court

concluded that it "must disregard any legal disability that [Morris] might have had." *Giles*, 2018 IL App (1st) 163152, ¶ 17. "The statutory scheme simply does not allow for [Roscoe] to use [his brother Morris's] legal disability as an excuse for not filing his own claim within two years of the collision." *Giles*, 2018 IL App (1st) 163152, ¶ 18. Thus, the survival action was time barred, as it was not filed within two years of Morris's tortious injury. *Giles*, 2018 IL App (1st) 163152, ¶ 17.

¶ 18    Plaintiff contends *Giles* was wrongly decided, because the court did not properly consider the fact that the injured person with a disability was incapable of filing suit and, thus, entitled to section 13-211's protection. See 735 ILCS 5/13-211 (West 2012). Plaintiff contends the court's language shows that it viewed the claim as a derivative action for the personal representative's own benefit, when in fact a survival action asserts a claim for the benefit of a decedent. See *Will v. Northwestern University*, 378 Ill. App. 3d 280, 289 (2007) (survival action asserts a claim for the decedent, and a wrongful death action is for the benefit of the decedent's family). The court's erroneous view allowed it to rely on two distinguishable cases, *Fess* and *Swider*, which indicate that parents of a minor, whose cause of action is tolled during the child's minority, must file their own derivative claims regarding loss of consortium or expenses within two years of the occurrence. Plaintiff emphasizes that *Fess* and *Swider* concerned competent plaintiffs bringing claims for their own benefit. Also, the trial court failed to appreciate that sections 13-211 and 13-209 were enacted to extend statutes of limitations in two different circumstances, but the court's ruling shortened the limitations period that a disabled person's representative has to pursue the disabled person's claims. Plaintiff contends that the two statutes must be read together: once section 13-211 preserves the full two-year limitations period during the disabled person's lifetime, the next step is to apply the language in section 13-209 indicating "an action may be

commenced by his or her representative before the expiration of that time." 735 ILCS 5/13-209(a)(1) (West 2014). Reading the statutes together then leads to the conclusion that the *Giles* lawsuit was timely filed within the two years after Morris's death. The court, however, read section 13-211 as if its tolling for disabled adults did not include a personal representative of a disabled person's estate. Alternatively, plaintiff contends *Giles* is distinguishable because Said was disabled before he was tortiously injured.

¶ 19    The result in *Giles* is harsh and unfair under case law that is not settled in Illinois. The *Giles* court misinterprets the intent of the legislature because the statutes involved were created to increase the statute of limitations for disabled people, not limit the time periods. The *Giles* court basically found that there was a conflict between two Illinois statutes and attempted to interpret the intent of the legislature in a manner that prejudiced the plaintiff in this case in his survival action claim when it was dismissed by the trial court. As noted, the two statutes are as follows:

"§ 13-209. Death of party.

(a) If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives:

(1) an action may be commenced by his or her representative before the expiration of that time, or within one year from his or her death whichever date is the later[.]" 735 ILCS 5/13-209 (West 2016).

"§ 13-211. Minors and persons under legal disability.

(a) If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Code, at the time the cause of action accrued, is under the age of 18 years or is under a legal disability, then he or she may bring the action within 2 years after the

person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13-211 (West 2016).

¶ 20    The First Division of this court issued its decision of first impression in *Giles*, 2018 IL App (1st) 163152, finding that section 13-211 did not apply to representatives of deceased persons and that injured people with legal disabilities who die while still on legal disability have only one year to bring a survival action as set forth in section 13-209, notwithstanding the wording of section 13-211.

¶ 21    Both sections 13-209 and 13-211 were enacted to extend the statutes of limitations in different situations, not limit them. We cannot believe that the legislature intended the result that the *Giles* court found. We believe the statute set forth in section 13-211 applies to the personal representative of a person with a legal disability who dies before a suit is filed and that all other suits that are filed by a personal representative should be filed under section 13-209. There is nothing in the committee notes in the passage of this legislation that would indicate the intention of the legislature to do otherwise. In addition, we believe that when the House of Representatives proposed adding the words "or his or her legal representative" to section 13-211 in 2019, the legislature was attempting to correct a miscarriage of justice caused by the courts (101st Ill. Gen. Assem. House Bill 3356, 2019 Sess.). This proposed legislation bolsters our conclusion that a legal representative has the same rights as the person they are representing, and the legislature wanted to make that clear and obvious to those who think otherwise.

¶ 22    The state of New York has decided this type of conflict as we have. In the Supreme Court, Appellate Division of New York, a similar case was decided, *Barrett v. State of New York*, 560 N.Y.S.2d 302 (App. Div. 1990). In the *Barrett* case, the Court of Claims Act (Act) (29A N.Y. Ct. Cl. § 10(3) (1990)) provided that a claim against the State or a written notice of

an intention to file a claim must be filed within 90 days after a decedent's death (*Barrett*, 560 N.Y.S.2d at 304), yet section 10(5) of the Act states that, " 'If the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.' " *Barrett*, 560 N.Y.S.2d at 304 (quoting 29A N.Y. Ct. Cl. § 10(5) (1990)). The relevant facts in the *Barrett* case were not in dispute. *Barrett*, 560 N.Y.S.2d at 303. The deceased infant, Kellian Barrett, was born on August 3, 1982, at the State University Hospital of Downstate Medical Center in Brooklyn (Downstate). *Barrett*, 560 N.Y.S.2d at 303. It was claimed that, as a result of the malpractice of Downstate's staff before, during and after her birth, Kellian suffered brain damage, mental retardation, motor retardation, hydrocephaly, quadriplegia, and seizures. *Barrett*, 560 N.Y.S.2d at 303. Her condition necessitated that she undergo multiple surgical procedures, and Kellian ultimately died on August 17, 1985. *Barrett*, 560 N.Y.S.2d at 303. Valerie Barrett, the mother of the deceased infant, was appointed administratrix of Kellian's estate on December 3, 1986. *Barrett*, 560 N.Y.S.2d at 303. On or about December 26, 1986, Valerie filed a complaint on behalf of Kellian's estate to recover damages for Kellian's conscious pain and suffering and wrongful death. *Barrett*, 560 N.Y.S.2d at 303. In its answer, the State asserted, *inter alia*, the affirmative defense that the claim was not timely filed. *Barrett*, 560 N.Y.S.2d at 303. The State then moved to dismiss the claim, which was granted, and the plaintiff appealed. *Barrett*, 560 N.Y.S.2d at 303. The plaintiff used the same reasoning as the plaintiff in the case at bar that, "pursuant to the foregoing provision, Kellian had been under the legal disability of infancy at the time of the alleged malpractice, that the legal disability had been removed by her death, and that the filing of the claim to recover damages for conscious pain and suffering on behalf of her estate within two years of her death was therefore timely." *Barrett*, 560 N.Y.S.2d at 303-04. The Court of Claims granted the State's motion and dismissed the claim to recover damages for conscious

pain and suffering as untimely because it was not filed within 90 days. *Barrett*, 560 N.Y.S.2d at 304. The higher court reversed and stated:

"While we are mindful of the foregoing principles, we nevertheless recognize that the tolling provision at issue in this case is not borrowed from some other body of civil law, but is itself part of Court of Claims Act § 10. Hence, where a claimant is laboring under a legal disability, such as infancy or incompetency, at the time the claim accrues, the claim need not be presented until two years after the disability is removed [citations]. The plain language of the statutory toll permits its assertion by the deceased infant's personal representative on behalf of the estate herein. At the time the claim for Kellian Barrett's conscious pain and suffering accrued, Kellian was an infant and therefore was under a legal disability. Under similar circumstances, the courts have interpreted Court of Claims Act § 10(5) as dispensing with the 90-day filing requirement set forth in Court of Claims Act § 10(3), regardless of whether that 90-day period is measured from the date of injury or the date of removal of the disability (see, *e.g.*, *Boland v. State of New York*, [284 N.E.2d 569 (N.Y.1972)] (holding that a patient involuntarily committed to a mental institution at the time of injury was required only to file a claim within two years, rather than 90 days, after the disability was removed); *Crawford v. State of New York*, [326 N.Y.S.2d 449 (App. Div. 1971) (holding that a person under the former legal disability of imprisonment at the time of injury had timely filed a claim within two years after removal of the disability, and that filing within 90 days after the accident was unnecessary); *Weber v. State of New York*, [45 N.Y.S.2d 834 (App. Div. 1984)] (holding that an infant had two years after reaching the age of majority within which to timely file a claim and that filing within 90 days of the accident was not required)). None of these

decisions suggests that a different result would be required if the person under the disability died and the survival claim was pursued by the decedent's estate. Kellian's disability of infancy was removed by her death on August 17, 1985 (see, *Barnes v. County of Onondaga*, [481 N.Y.S.2d 539 (App. Div. 1984), *aff'd*, 481 N.E.2d 245 (N.Y. 1985)]; *Gibbons v. City of Troy*, [457 N.Y.S.2d 950 (App. Div. 1982)]). Hence, in accordance with the plain language of the statute and in conformity with the spirit of the foregoing decisions, the claim for conscious pain and suffering which belonged to the infant and survived her death [citation] may be timely presented on behalf of her estate within two years after her death [citations]. Indeed, to conclude otherwise would place the deceased infant's estate at a distinct procedural disadvantage, for while the infant, if living, would have two years from the date of reaching the age of majority within which to file a claim for conscious pain and suffering, the estate of that same infant, solely by reason of the infant's untimely death, would at best be relegated to a 90-day period from the date of death within which to seek the identical relief. Nothing in the text of Court of Claims Act § 10(5) authorizes or supports such a distinction, nor does the reasoning of the State and the Court of Claims in this case persuade us to fashion a rule of disparate treatment between living parties who formerly were under legal disabilities and the estates of deceased persons whose legal disabilities have been removed by reason of death." *Barrett*, 560 N.Y.S.2d at 304-05.

¶ 23    Just like the case at bar, the deceased estate here was placed at a distinct procedural disadvantage, for while the deceased was under the legal disability, he would have had two years to filed his claim after the disability was removed, but because he died, his estate was relegated to a one-year period from the date of death to file its action because his estate was required to

have a personal representative. That result could not have been intended by our legislature. In 2018, the New York Supreme Court, Appellate Division, confirmed its findings in *Barrett* in a similar case and entered the same ruling. *Puckerin v. State of New York*, 69 N.Y.S.3d 836 (App. Div. 2018).

¶ 24    The state of Wisconsin has also decided this same issue in the same manner as New York. In the Wisconsin case, the decedent was under a mental disability confined to a nursing home between 1994 and 1996, suffering from Alzheimer's disease. *Walberg v. St. Francis Home, Inc.*, 2004 WI App 120, ¶ 2, 275 Wis. 2d 289, 685 N.W.2d 788. She died on August 15, 2000. *Walberg*, 2004 WI App 120, ¶ 2. On August 12, 2002, plaintiff was appointed special administrator for the decedent's estate and filed a lawsuit against the nursing home, claiming negligence for personal injuries (survival action). *Walberg*, 2004 WI App 120, ¶ 3. The nursing home pleaded that the case was time-barred and its motion to dismiss was granted. *Walberg*, 2004 WI App 120, ¶¶ 3-4. Plaintiff appealed and the Court of Appeals of Wisconsin reversed. *Walberg*, 2004 WI App 120, ¶ 1. The trial court applied section 893.22 of the Wisconsin Statutes, which stated:

> " 'Limitation in case of death. If a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, an action may be commenced by the person's representatives after the expiration of that time and within one year from the person's death." *Walberg*, 2004 WI App 120, ¶ 6 (quoting Wis. Stat. § 893.22 (2004)).

The trial court concluded that, upon a person's death, this statute automatically shortened the period of limitations for any of that person's existing claims to one year, causing the estate's action to be time-barred, but the Wisconsin appeals court disagreed:

"In *Curran v. Witter*, 68 Wis. 16, 22, 31 N.W. 705 (1887), the supreme court interpreted the predecessor to Wis. Stat. § 893.22 and held, 'It is obvious that this provision only reaches a case where the person entitled to bring the action dies during the last year of the term of limitation.' That is, § 893.22 applies only when a person dies with an existing claim that has less than one year remaining on the period of limitations. In that case, the period of limitations is extended up to one year, which begins to run upon the person's death. Thus, in situations where a cause of action has more than one year remaining under its statute of limitations, § 893.22 simply does not apply.

Here, Wis. Stat. § 893.22 does not apply because [the deceased's] claim[ ] could not have had less than one year remaining on their periods of limitations. It is undisputed that [the deceased] suffered from a mental illness at the time her claims accrued and, therefore, Wis. Stat. § 893.16 tolled her claims' periods of limitations. Section 893.16 states in relevant part:

> Person under disability. (1) If a person entitled to bring an action is, at the time the cause of action accrues . . . mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.
>
> (2) Subsection (1) does not shorten a period of limitation otherwise prescribed." *Walberg*, 2004 WI App 120, ¶¶ 7-8.

¶ 25    The Supreme Court of Appeals of West Virginia found that, in a personal representative's wrongful death and survival claim against a hospital, the statute of limitations for a personal injury claim is tolled during the period of disability and, in the event the injured person dies

before the mental disability ends, the statute of limitations begins to run on the date of the injured person's death. *Mack-Evans v. Hilltop Healthcare Center, Inc.*, 700 S.E.2d 317, 326 (W. Va. 2010).

¶ 26    When a statute is clear and unambiguous and the legislative intent is clear, as it is in this case, it is the duty of the courts to apply the statute as written. In the case at bar, there are two statutes, and we follow the reasoning of the New York decision in *Barrett* and the Wisconsin decision in *Walberg* because they provide a correct result. We find that the plain language of the statutory toll for a person on legal disability permits its assertion by the deceased's personal representative on behalf of the estate herein as stated in section 13-211 and all other suits that are filed by a personal representative shall be filed under section 13-209.

¶ 27    Reading sections 3-209 and 3-211 together demonstrates that there is no conflict between them and that the deceased's representative had two years from the date of death to bring this suit, which she did.

¶ 28    In section 13-211, the "legal disability" preventing a disabled person from suing is removed when the disability is removed or when the disabled person dies, and any rights the person had to sue pass to his or her estate. Since the disabled person's estate has the same rights to sue as the disabled person does, the personal representative of the deceased acquires the same statutory period to bring the action, which is two years from the date the disability was removed—or two years from the date of death, in the case of a disabled person who dies while still disabled.

¶ 29    Section 13-209 provides that a representative may commence an action either "before the expiration of the time limited for commencement"—which, in the case of a disabled person, includes two years after he or she is no longer under a disability—or "one year from his or her

death, whichever date is later." Two years is obviously later than one year, so the two-year limit applies in this case.

¶ 30    Interpreting the two rules together, as we are required to do, there is no conflict between them, and the deceased's representative had two years from the date of death to file this action, which she did. As a result, we reverse the circuit court of Cook County and deny defendant's motion to dismiss.

¶ 31                              CONCLUSION

¶ 32    Reversed and remanded.

---

**No. 1-18-1552**

---

| | |
|---|---|
| **Cite as:** | *Zayed v. Clark Manor Convalescent Center, Inc.*, 2019 IL App (1st) 181552 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2017-L-007306; the Hon. John P. Callahan, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Leslie J. Rosen, of Leslie J. Rosen Attorney at Law, P.C., and Steven M. Levin, Daisy Ayllon, and Jaime Koziol Delaney, of Levin & Perconti, Ltd., both of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | P. Patrick Cella, of Law Offices of Edward J. Kozel, of Chicago, for appellees. |

---