2019 IL App (1st) 181771-U

No. 1-18-1771

Third Division
November 27, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RADOSLAW MICKIEWICZ, as Independent Administrator of the Estate of BARBARA MICKIEWICZ, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | No. 18 L1 726 |
| v. | ) ) | Honorable Daniel T. Gillespie, |
| GENERATIONS AT REGENCY, LLC, an Illinois Limited Liability Corporation d/b/a GENERATIONS AT REGENCY, GLENBRIDGE NURSING AND REHABILITATION CENTRE, LTD., an Illinois Corporation d/b/a GLENBRIDGE NURSING AND REHABILITATION CENTER, | ) ) ) ) ) ) ) ) ) | Judge, presiding. |
| Defendants (Glenbridge Nursing and Rehabilitation Centre, Ltd., Defendant-Appellee). | ) ) ) ) | |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**O R D E R**

¶ 1    *Held*:  The trial court's order granting defendant's motion to dismiss is reversed where plaintiff's claims were not time-barred by the statute of limitations.

¶ 2    This appeal arises from an order dismissing claims against defendant, Glenbridge Nursing and Rehabilitation Centre, Ltd. (Glenbridge), in a personal injury action brought by Radoslaw Mickiewicz, as the representative and independent administrator of the estate of Barbara Mickiewicz, the decedent. The trial court dismissed plaintiff's claims against Glenbridge, finding that they were untimely pursuant to section 13-209 of the Illinois Code of Civil Procedure (Code), 735 ILCS 5/13-209 (West 2018), and *Giles v. Parks*, 2018 IL App (1st) 163152. On appeal, plaintiff argues that Barbara's survival claims against Glenbridge should be reinstated because another panel of this court in *Giles* misconstrued the applicable statutory provisions and wrongly concluded that the claims were time-barred by the statute of limitations. For the reasons stated, we reverse and remand for further proceedings.

¶ 3                               I. BACKGROUND

¶ 4    From April 17, 2013 to February 17, 2016, Barbara was a resident of Glenbridge. Throughout that time, Barbara suffered from dementia and was considered legally disabled, though she was never formally adjudicated as such. During her residency, Barbara suffered several falls, the last of which occurred on January 27, 2016 and resulted in a visit to the emergency room. Additionally, Barbara had suffered severe burns as a result of a nurse spilling hot coffee on November 26, 2015. Barbara died on April 18, 2016.

¶ 5    On February 16, 2018, plaintiff filed a five-count complaint against Glenbridge and another nursing home where Barbara resided before her death. The only relevant counts to this appeal are Counts IV and V. Count IV asserted a statutory claim under the Nursing Home Care Act and Count V asserted a common law medical negligence claim. Both counts

relate to the personal injuries Barbara sustained from the coffee spill incident on November 26, 2015 and the fall on January 27, 2016.

¶ 6     On May 1, 2018, Glenbridge filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619(a)(5) (West 2018)), alleging that both incidents occurred more than two years before plaintiff filed his complaint and were outside of the statute of limitations. On July 15, 2018, following arguments, the trial court granted Glenbridge's motion based on *Giles v. Parks*, 2018 IL App (1st) 163152. This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8     Plaintiff argues that *Giles* incorrectly construed and applied the statutory provisions involved here and requests that this court decline to follow that decision. Plaintiff claims that *Giles*' interpretation deprives legally disabled individuals who do not regain competency prior to death of bringing survival claims through their estate administrator. Glenbridge, on the other hand, contends that plaintiff has failed to establish any reasonable justification for this court to depart from *Giles*.

¶ 9     After the parties filed their briefs, a different panel of this court issued its decision in *Zayed v. Clark Manor Convalescent Center, Inc.*, 2019 IL App (1st) 181552, pet. for leave to appeal pending, No. 125407 (filed Oct. 28, 2019), another case with substantially similar facts to those here and in *Giles*. The *Zayed* panel reversed the trial court's dismissal, finding that *Giles*' interpretation of the pertinent statutory provisions was incorrect and that the deceased's representative properly filed the action within two years of the date of death. We agree with the *Zayed* panel and with plaintiff, and we decline to follow the statutory interpretation pronounced in *Giles* for the following reasons. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) ("[T]he opinion of one district,

division, or panel of the appellate court is not binding on other districts, divisions, or panels.").

¶ 10    A motion to dismiss filed pursuant to section 2-619 of the Code is based on certain defects or defenses, including "[t]hat the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2018). A trial court should grant a motion to dismiss pursuant to section 2-619 where "a plaintiff's claim can be defeated as a matter of law or on the basis of easily proven issues of fact." *Gadson v. Among Friends Adult Day Care, Inc.*, 2015 IL App (1st) 141967, ¶ 14. The standard of review for a trial court's ruling on a motion to dismiss is *de novo*. *Id.*

¶ 11    Plaintiff's claims arise from two incidents alleged to have caused injury to Barbara, the first was a coffee spill and the second was a fall. Under section 13-202 of the Code, "[a]ctions for damages for an injury to the person *** shall be commenced within 2 years after the cause of action accrued." 735 ILCS 5/13-202 (West 2018). Illinois courts have "repeatedly held that where the plaintiff's injury is caused by a 'sudden traumatic event,' *** the cause of action accrues, and the statute of limitations begins to run, on the date the injury occurs." *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 362 (1995). Here, there is no dispute that Barbara's injuries were caused by sudden traumatic events on November 26, 2015 and January 27, 2016, respectively, and thus, the statute of limitations would run on November 26, 2017 and January 27, 2018. Plaintiff instituted this action for those claims after those dates, on February 18, 2018.

¶ 12    However, plaintiff alleges that section 13-211 of the Code operates to toll the applicable statute of limitations. Section 13-211 provides that "[i]f the person entitled to bring an action, specified in Section 13-201 through 13-210 of this Act, at the time the cause of action

accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13-211(a) (West 2018). We note that Barbara "need not be adjudicated disabled to have a legal disability." *Parks v. Kownacki*, 193 Ill. 2d 164, 178 (2000). It is only necessary for the record to "contain sufficient allegations of fact" to prove legal disability. *In re Doe*, 301 Ill. App. 3d 123, 127 (1998). The parties do not dispute that Barbara was legally disabled at the time of injury and the disability was not removed prior to her death on April 18, 2016.

¶ 13    In addition to section 13-211, plaintiff relies on section 13-209 to raise these claims on Barbara's behalf. Section 13-209 applies where "a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives[.]" 735 ILCS 5/13-209(a) (West 2018). Under such circumstances, "an action may be commenced by his or her representative before the expiration of that time, or within one year from his or her death whichever date is the later[.]" *Id.* 5/13-209(a)(1). Plaintiff argues that these statutes act in conjunction to extend the time for filing until April 18, 2018.

¶ 14    Glenbridge hinges its argument wholly upon this court's analysis of these same statutory provisions in *Giles*. In *Giles*, the deceased was in a vehicle accident that rendered him incapacitated, or legally disabled, until his death a day after the accident, and the plaintiff, as an administrator, filed a personal injury action two years from the date of death, as opposed to two years from the date of the accident. 2018 IL App (1st) 163152, ¶¶ 3-4. A panel of this court ultimately determined that the statute of limitations was not tolled and began to run on the date of the accident and thus, held that the claim was properly dismissed as time-barred. *Id.* ¶ 20. The court stated that the tolling exception for disabled individuals in section 13-211

is "necessary to protect *that person's* interests and preserve *his* day in court until *he* is able to bring suit *on his own behalf*." (Emphasis in original.) *Id.* ¶ 16. Thus, the panel held that the tolling exception was limited to only the disabled individual and not applicable to their representative who sought to bring the same claim following the disabled individual's death. *Id.* ¶¶ 15-18. Notably, the panel considered applying section 13-211 and 13-209, in conjunction with one another as an impermissible "tacking" of exceptions. We reject *Giles*' and Glenbridge's interpretation of these provisions.

¶ 15   As stated above, the *Zayed* panel also disagreed with *Giles* for similar reasons. The facts in *Zayed* are nearly identical those involved herein. There, the deceased, Said, became a resident of a nursing home at age 62 and he was under a legal disability due to dementia, Parkinson's Disease, and Alzheimer's disease throughout his time there and until his death. *Zayed*, 2019 IL App (1st) 181552, ¶ 5. On March 4, 2014, he fell and suffered various injuries that contributed to his death on September 25, 2015. *Id.* The plaintiff filed suit on July 10, 2017, more than three years after the fall but less than two years after Said's death. *Id.* ¶ 6. The nursing home filed a motion to dismiss based on the statute of limitations and the trial court granted the motion. *Id.* ¶ 7. The panel rejected *Giles* and found that the tolling provision under section 13-211 could be asserted by the deceased's personal representative in a suit filed under section 13-209. *Id.* ¶¶ 19-21, 26-30. The court ultimately reversed the trial court's ruling after determining that the statutory provisions were not in conflict with one another and the deceased's representative had two years from the date of death to file the lawsuit. *Id.* ¶ 30. We come to the same conclusion below.

¶ 16   Like *Giles* and *Zayed*, this case involves statutory construction, and the fundamental aim of statutory construction is "to ascertain and give effect to the intent of the legislature." *Bruso*

*by Bruso v. Alexian Bros. Hosp.*, 178 Ill. 2d 445, 451 (1997). The intent of the legislature is best discerned from the language of the provision itself. *Id.* The language must be evaluated as a whole with due consideration to each connecting part or section. *Id.* at 451-52. "Where the legislature's intent can be ascertained from the plain language of the statute, that intent must prevail and will be given effect without resort to other aids for construction." *Id.* at 452. Finally, we cannot depart from the "plain language by reading into a statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent." *County of Knox ex rel. Masterson v. Highlands, LLC*, 188 Ill. 2d 546, 556 (1999).

¶ 17 We agree with the panel in *Giles* that section 13-211 does not contain language providing for an action brought by a legal representative such as the administrator of a decedent's estate. However, we diverge from the panel in *Giles* and find that the apparently limiting language is irrelevant here because the controlling provision is section 13-209. Section 13-209 specifically allows for an individual's cause of action to be brought by a legal representative, namely the estate administrator. Thus, we begin by examining section 13-209.

¶ 18 Section 13-209 starts with stating "a person entitled to bring an action." 735 ILCS 13-209(a) (West 2018). Here, that person is Barbara, who was legally disabled prior to the incidents and continued to be legally disabled until her death. The action which she was entitled to bring is a personal injury action for the incidents that occurred on November 26, 2015 and January 27, 2016.

¶ 19 Next, the provision states: "dies before the expiration of the time limited for the commencement thereof, and the cause of action survives." 735 ILCS 13-209(a) (West 2018). As stated above, the incidents constitute personal injuries that were caused by sudden and traumatic events, subjecting them to the two-year statute of limitations contained in section

13-202. However, because Barbara was legally disabled at the time the injuries occurred and until her death, in accordance with section 13-211(a), the statute of limitations was tolled until her disability was removed. Therefore, when Barbara died on April 18, 2016, her time to file the action had not expired because the statute of limitations had not yet begun to run on her claims and the claims survived her death.

¶ 20     The next part of the provision states: "an action may be commenced by his or her representative before the expiration of that time, or within one year from his or her death whichever date is the later[.]" 735 ILCS 13-209(a)(1) (West 2018). As stated, Barbara's cause of action had accrued to her and the time to bring such action had not expired due to her ongoing disability. There is no dispute here that the Barbara's death ended her disability. See *Zayed*, 2019 IL App (1st) 181552, ¶ 14; *Giles*, 2018 IL App (1st) 163152, ¶ 14. Thus, the attendant tolling due to her disability would terminate upon her death and the statute of limitations would begin to run. Under the plain language of section 13-209(a)(1), Barbara's representative would then be afforded two years from her death, the same time allotted to Barbara had she survived and her disability been removed, to commence an action.

¶ 21     Although section 13-211 must be referenced to determine the "expiration of the time limited for the commencement thereof" in section 13-209, section 13-211 does not determine whether the administrator raised the complaint in a timely manner because it is only a tolling provision. Thus, an examination of the language in section 13-211, such as the court in *Giles* undertook, is unnecessary to resolve the arguments raised in Glenbridge's motion to dismiss. Our supreme court has held that statutory provisions regarding the survival of actions allow "the representative [to] step[] into the shoes of the decedent and take[] the rights of the decedent." *Moon v. Rhode*, 2016 IL 119572, ¶ 39. Additionally, the court has noted that

section 13-209 does not create a statutory cause of action; "[i]t merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died." *Advincula v. United Blood Services*, 176 Ill. 2d 1, 42 (1996). Stated another way, "[s]ince the disabled person's estate has the same rights to sue as the disabled person does, the personal representative acquires the same statutory period to bring the action, which is two years from the date the disability removed—or two years from the date of death[.]" *Zayed*, 2019 IL App (1st) 181552, ¶ 28. This personal injury action had already accrued to Barbara but her disability tolled the statute of limitations, and accordingly, her claims were not time-barred at the time of her death and plaintiff is permitted to step into her shoes and pursue these claims in Barbara's stead as her estate administrator. See *Rhode*, 2016 IL 119572, ¶¶ 35-40 (finding that the two-year statute of limitations for survival actions began when the decedent's representative learned of the defendant's wrongdoing because the representative "steps into the shoes of the decedent").

¶ 22        Although we find the language of the statutory provisions to be unambiguous, we also find that this interpretation serves the legislative intent behind section 13-211. "[T]court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy[,]" and "we presume that the legislature did not intend absurd, inconvenient, or unjust consequences." *Home Star Bank and Financial Services v. Emergency Care and Health Organization, Ltd.*, 2014 IL 115526, ¶ 24. This court previously identified the legislative purpose behind the tolling provision as follows:

> "The public policy which underlies the tolling provision *** has been clearly stated by this and other courts on numerous occasions. This section *** was designed to ensure that 'statutes of limitation [were] generally tolled during a

plaintiff's infancy, mental incompetency, or imprisonment. [Citation.] The tolling provision was intended to protect the rights of those who were not 'legally competent to bring actions directly' since the courts recognized that the enforcement of their rights should not be 'left to the whim or mercy of some self-constituted next friend' [Citations.]"

*Passmore v. Walther Memorial Hospital*, 152 Ill. App. 3d 554, 558 (1987).

¶ 23    In furtherance of that legislative intent, this court has repeatedly protected the rights of those under a disability when a cause of action arose. See, *e.g.*, *Haas v. Westlake Community Hospital*, 82 Ill. App. 3d 347, 349 (1980); *Mazikoske v. Firestone Tire & Rubber Co.*, 149 Ill. App. 3d 166, 178 (1986); *Valdovinas v. Tomita*, 394 Ill. App. 3d 14, 18 (2009). Moreover, in *Bruso by Bruso v. Alexian Bros. Hosp.*, 178 Ill. 2d 445, 454 (1997), our supreme court explained, in regards to the tolling provisions, that "incompetents are favored persons in the eyes of the law and courts have a special duty to protect their rights." The panel in *Zayed* believed that this same interpretation furthered the legislature's clear intention to extend the statute of limitations where disabled persons were involved, as opposed to shortening them as in *Giles*. *Zayed*, 2019 IL App (1st) 181552, ¶ 21. The panel also points out that the legislature is attempting to correct the miscarriage of justice in *Giles* by proposing to add the words "or his or her legal representative" to section 13-211. *Id.* ¶ 21; see 101st Ill. Gen. Assm. House Bill 3356, 2019 Sess. Accordingly, we do not find that the legislature would have intended for the protections of section 13-211 to disappear as though the tolling provision never applied upon the death of the disabled individual; such a conclusion would render the tolling provision meaningless and would be incongruous with its recognized purpose. See *Passmore*, 152 Ill. App. 3d at 558 (rejecting the argument that an individual's "self-constituted next

friend" must seek formal adjudication of the individual's disability because that would destroy the protection afforded to the incompetent person through the tolling provision).

¶ 24    Therefore, as set forth above, the statute of limitations did not expire on plaintiff's claims against Glenbridge until two years after Barbara's death, on April 18, 2018, and this action was instituted before such expiration date, on February 16, 2018. Accordingly, the trial court's dismissal of plaintiff's claims against Glenbridge is reversed and we remand this case for further proceedings.

¶ 25                                    III. CONCLUSION

¶ 26    For the reasons stated, we reverse the judgment of the circuit court of Cook County.

¶ 27    Reversed and remanded.